**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and others similarly situated, | : | |
| | : | Case No. 1:25-cv-06182 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SERVBANK SB F/K/A ALLIED FIRST BANK | : | |
| | : | Hon. Sharon Johnson Coleman |
| Defendant. | : | |
| | : | |

## JOINT INITIAL STATUS REPORT

## (1) The Nature of the Case

a. Identify the attorneys of record for each party, including the lead trial attorneys.

*Plaintiff*

Anthony Paronich (Lead Trial Attorney)
Paronich Law, P.C.

*Defendant*

b. Describe the nature of the claims asserted in the complaint and any counterclaims,

The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.* The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls. The Plaintiff alleges that the Defendant made

telemarketing calls to individuals like himself who had placed themselves on the National Do Not Call Registry, without consent.

    c.   <u>Briefly state the major legal and factual issues in the case.</u>

The parties believe that the major legal and factual issues in this case include:

1. Whether the calls were made to numbers on the National Do Not Call Registry;

2. Whether the calls were made with the appropriate consent of the Plaintiff, an affirmative defense under the TCPA;

3. Whether the calling conduct at issue is appropriate for class certification pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3).

4. Whether the calling conduct at issue is appropriate for class certification pursuant to each requirement of Fed. R. Civ. P. 23(b)(2) and/or (b)(3);

5. Whether Plaintiff is an appropriate class representative.

6. Whether any of the alleged calls to the Plaintiff violated the TCPA.

7. Whether the Defendant conduct was "knowing or willful".

8. Whether Plaintiff is entitled to actual, statutory, or treble damages.

9. Whether the alleged calls are telemarketing (Plaintiff asserts they are; Defendant disagrees).

10. If violations of the TCPA are found, which Defendant denies, what amount of damages Plaintiff may be entitled to receive and for which calls (Plaintiff seeks the maximum of $500 and treble that amount; Defendant disagrees).

11. The nature of and to what extent there are factual differences between the alleged calls to the Plaintiff and other members of the putative class that are relevant to the Rule 23 analysis.

d. <u>Describe the Relief Sought by the Plaintiff</u>

The Plaintiff is seeking to certify the following classes:

> **<u>National Do Not Call Registry Class:</u>** All persons within the United States: (1) whose telephone number were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.

On behalf of the putative class pled, the Plaintiff is seeking an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

e. <u>Describe the general status of the case</u>

The parties have just commenced discovery following the 26(f) conference on July 21, 2025.

**(2) Pending Motions**

a. <u>Identify all pending motions.</u>

None.

b. <u>Identify any previous set deadlines</u>

The Defendant is due to respond to the Complaint on August 4, 2025. ECF No. 6.

**(3) Proposed Discovery Schedule**

a. <u>The general type of discovery needed</u>

Plaintiff anticipates seeking documents and data that will include (1) electronic data regarding the calls placed in this case; (2) electronic mail related to the allegations of this case; (3) electronic data tracking any consent to receive calls that consumers provided; (4) electronic

data regarding the telephone dialing systems used to make the calls at issue; (5) contracts and other documents relating to the relationship between Defendant and their vendors; (6) Defendant's policies and procedures concerning TCPA compliance regarding the marketing and promotion of their services and products; and (7) complaints of illegal telemarketing made to the Defendant, and Defendant's responses.

Defendants anticipates seeking documents, emails, text messages, phone logs and other datas (in hard and electronic format) that includes (but is not limited to) Plaintiff's allegations of: registering on the Do Not Call Registry; receiving "unsolicited" communications from Defendant; having his privacy "invaded"; harm purportedly inflicted upon him and the class; that the factors for class action certification are purportedly present; that Plaintiff will "fairly and adequately represent and protect the interests of the classes"; that Defendant's conduct was "willful".

   b. Provide a proposed schedule, including dates, for all discovery and motions to <u>join other parties and amend the pleadings</u>

Plaintiff's position is that one discovery period on all issues is preferable and proposes the following schedule:

| Event | Deadline |
|---|---|
| Motion to Amend Pleadings | November 21, 2025 |
| Completion of Fact Discovery | March 2, 2026 |
| Disclosure of Expert Report(s) | March 24, 2026 |
| Deposition of Expert(s) | May 1, 2026 |
| Rebuttal Report(s) | June 2, 2026 |

| Dispositive Motions | June 23, 2026 |
| Class Certification Motion | June 23, 2026 |

The Plaintiff opposes bifurcating discovery and requests that this Court deny that request Judge Bucklo recently did in a TCPA case last year. *See Zielonksi v. eHealth Insurance Services, Inc.,* Civil Action No. 23-cv-16406, ECF No. 29 (N.D. Ill. July 12, 2024) ("Defendant's motion to dismiss, motion to strike class allegations, and motion to bifurcate discovery are denied…I am not going to delay this case further through bifurcation of discovery.") Indeed, faced with a nearly identical motion, Judge Harjani denied the request in another TCPA case in 2023:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB,* Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). Even more recently, Judge Weisman denied a TCPA defendant's request to bifurcate discovery in *Taylor v. Kin Insurance, Inc.,* 25-cv-213, ECF No. 26 (July 1, 2025) holding, "Defendant's request to bifurcate class and merits discovery is denied without prejudice. Defendant's reference to 'narrow case- dispositive issues unique to Plaintiff in this case…is unsupported with any case-specific information, and the examples provided are generally applicable to all plaintiffs in this type of TCPA case.". The Court should hold the same here.

Defendant's Position

Defendant prefers that discovery be bifurcated to focus first on individual discovery and then to class certification issues. There is no *per se* rule against bifurcation in TCPA cases. In

5

TCPA actions, bifurcation may be appropriate "where the resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary," citing *Marshall v Grubhub Inc.*, 2022 US Dist LEXIS 66998, *9 (ND Ill Apr. 5, 2022) citing *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106 (JMA) (SIL), 2016 U.S. Dist. LEXIS 6778, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016). Defendant believes that bifurcation is appropriate to avoid a fishing expedition to determine whether the class allegations have any support. This will help the parties quickly determine whether the named plaintiffs have viable claims. If they do not, perhaps the parties can entirely forgo class-wide discovery, saving resources and expense on all sides. *See, Chavez v. Ill. State Police*, 251 F.3d 612, 630 (7th Cir. 2001) ("[If] the court determines that the named plaintiffs' claims lack merit, such a decision ordinarily, though not invariably, disqualifies the named plaintiffs as proper representatives, thus resolving the issue of class certification.")

If the discovery and proceedings are bifurcated, Defendant proposes the following schedule:

| | |
|---|---|
| Motion to Amend Pleadings | November 21, 2025 |
| Completion of Fact Discovery | January 31, 2026 |
| Disclosure of Expert Report(s) | March 1, 2026 |
| Deposition of Expert(s) | June 1, 2026 |
| Rebuttal Report(s) | July 1, 2026 |
| Dispositive Motions | August 1, 2026 |
| | |

| EVENT | DATE OF PROPOSAL |
|---|---|
| Class Certification Discovery | January 31, 2026 |
| - Plaintiff Expert Reports | December 1, 2025 |
| - Defendant Expert Reports | 30 days following Plaintiff's Expert Reports |
| All class-related expert discovery completed | 60 days following Plaintiff's Expert Report |
| Class Certification Filing Deadline | March 1, 2026 |

| Merits Discovery | Through 150 days after order issued on class certification |
|---|---|
| - Plaintiff Expert Reports | 60 days after order issued on class certification |
| - Defendant Expert Reports | 90 days after order issued on class certification |
| - All merits-related expert discovery completed | 120 days after order issued on class certification |
| Dispositive motions | 180 days after order issued on class certification |
| Trial | To be determined |

**(4) Trial**

Plaintiff has demanded a jury. Plaintiff believe that if this matter is certified as a class action, then the trial is expected to last 4-5 days.

**(5) Status of Settlement Discussions:**

The Parties have discussed the possibility of settlement. However, because the Plaintiff is only willing to entertain a class-wide settlement pursuant to Fed. R. Civ. P. 23, the Parties will need to engage in discovery related to the elements of Fed. R. Civ. P. 23, including the identity of class members, prior to entertaining settlement.

The parties do not request a settlement conference.

**(6) Consent to Proceed Before a Magistrate Judge**

The parties have not unanimously consented to proceed before a Magistrate Judge.

Dated: July 31, 2025

| PLAINTIFF, | |
|---|---|
| */s/ Anthony I. Paronich*<br>Anthony I. Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>(508) 221-1510<br>anthony@paronichlaw.com<br><br>*Attorneys for Plaintiff* | *s/Jeffrey M. Schieber*<br>Jeffrey Schieber<br>Nelson Mullins Riley & Scarborough<br>123 N. Wacker Drive<br>Suite 2100<br>Chicago, IL 60606<br>(312) 376-1112<br><br>*Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

I, hereby certify that on July 31, 2025, I filed the foregoing with the Court's CM/ECF system, which served the same on the counsel of record. I also electronically transmitted the request to the remaining parties.

*/s/ Anthony Paronich*
Anthony Paronich