**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NOTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | **Case No.** 1:25-cv-06182 |
| v. | ) ) | |
| SERVBANK SB F/K/A ALLIED FIRST BANK, | ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) ) ) ) | Magistrate Judge Maria Valdez |

**DEFENDANT SERVBANK SB'S (f/k/a ALLIED FIRST BANK) ANSWER TO**
**COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Servbank SB f/k/a Allied First Bank ("Defendant" or "Servbank") hereby answers the Complaint dated June 3, 2025 [Dkt. 1] ("Complaint") filed by Plaintiff Asher Bronstin, individually and on behalf of all others similarly situated ("Plaintiff") as follows, and denies each and every allegation not expressly admitted herein:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' id. § 2(9).

1

**Answer:** Paragraph 1 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 1 of the Complaint.

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. See 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, she can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. See id.; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. Id…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649-50 (4th Cir. 2019).

**Answer:** Paragraph 2 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 2 of the Complaint.

3.     The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Servbank SB, formerly Allied First Bank, (hereinafter referred to as "Defendant"),violated the TCPA by sending multiple telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as sending such calls to people who had previously asked to no longer receive them.

**Answer:**  Paragraph 3 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 3 of the Complaint.

## PARTIES

4.     Plaintiff Bronstin is an individual.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.     Defendant Servbank SB is a corporation that is registered to do business in the State of Illinois.

**Answer:** Servbank SB is now known as Servbank N.A. and is a nationally charted bank registered to do business in the state of Illinois.

## JURISDICTION AND VENUE

6.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq.

**Answer**:  Paragraph 6 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.    This Court has general personal jurisdiction over the Defendant because it is headquartered and has its principal place of business in this District.

**Answer**: Paragraph 7 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the calls at issue were orchestrated and designed to obtain business for a company located in this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

**Answer**:  Defendant denies the allegations contained in Paragraph 8.

## BACKGROUND

**A. The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9.    The TCPA prohibits sending multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

**Answer**: Paragraph 9 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

**Answer**: Paragraph 10 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**Answer**: Paragraph 11 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that sends those solicitations, or "on whose behalf" such solicitations are sent. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Answer**: Paragraph 12 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 12 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

**B. The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

13.     The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**Answer**: Paragraph 13 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 13 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

14.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." Id. at (c)(1)(A), (E).

**Answer**: Paragraph 14 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 14 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

15.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

**Answer**: Paragraph 15 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 15 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

16.     These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

**Answer**: Paragraph 16 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in

paragraph 16 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

17.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

**Answer**: Paragraph 17 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 17 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

18.     This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

**Answer**: Paragraph 18 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 18 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

## FACTUAL ALLEGATIONS

19.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**Answer:** Paragraph 19 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 19 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

20.     Plaintiff's telephone number, (202) XXX-XXXX, is a non-commercial telephone number that is used for residential purposes.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.     Plaintiff uses the telephone number for his own personal, residential, and household needs and reasons.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22.     Plaintiff does not use the number for business reasons or business use.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     The number is a residential telephone line because it is assigned to a telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.     Plaintiff's number has been on the National Do Not Call Registry for years since he registered it on the Registry on November 4, 2021 prior to receiving the calls at issue.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     Despite that, Plaintiff received at least eleven calls and two text messages from the Defendant from February 1, 2022 to July 29, 2023.

**Answer:** Defendant denies the allegations in Paragraph 25.

26.     The Defendant sent Plaintiff a text message on February 1, 2022 from 775-790-3938 which stated "Daniel Kalinowski- Allied First."

**Answer:** Defendant denies the allegations in Paragraph 26.

27.     The Defendant then called Plaintiff seven times from February 1, 2022 to June 12, 2023 from numbers 240-858-8128 and 520-593-5957.

**Answer:** Defendant denies the allegations in Paragraph 27.

28.     During the calls that Plaintiff answered, the Defendant attempted to sell the Plaintiff various home loan services.

**Answer:** Defendant denies the allegations in Paragraph 28.

29.     Specifically, on June 9 and 10, 2023, the Plaintiff spoke with representative "Justin Wick" who tried to market various home mortgage refinancing services.

**Answer:** Defendant denies the allegations in Paragraph 29.

30.     On June 12, Plaintiff received an email from Mr. Wick which contained no content other than his signature line with contact information from Allied First.

**Answer:** Defendant denies the allegations in Paragraph 30.

31. After receiving the email, minutes later Plaintiff received a text message from "Justin Allied First" stating "Wayne here is my cell. Just let me know when available or I'll call after 5. Thanks."

**Answer:** Defendant denies the allegations in Paragraph 31.

32. Plaintiff then immediately sent a "stop" text message to "Daniel Kalinowski" from Allied First who had originally texted him on February 1, 2022.

**Answer:** Defendant denies the allegations in Paragraph 32.

33. Plaintiff also then responded "stop" to Mr. Wick's text message.

**Answer:** Defendant denies the allegations in Paragraph 33.

34. Despite telling the Defendant to stop, Plaintiff received another email from Justin Wick on June 12 advertising debt services.

**Answer:** Defendant denies the allegations in Paragraph 34.

35. Plaintiff also continued to receive at least five more calls from the Defendant from June 12 to July 29, 2023.

**Answer:** Defendant denies the allegations in Paragraph 35.

36. Plaintiff never consented to receive calls from Defendant.

**Answer**: Paragraph 36 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. In fact, as described above, the Plaintiff explicitly told the Defendant to stop contacting him.

**Answer:** Defendant denies knowing the information alleged in Paragraph 37.

38. The calls and text messages were all placed to sell Defendant's goods and services, including home mortgages.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Plaintiff's privacy has been violated by the above-described telemarketing calls.

**Answer:** Paragraph 39 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. The Plaintiff never provided his consent or requested the calls.

**Answer**: Paragraph 40 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. The aforementioned calls to the Plaintiff were unwanted.

**Answer:** Paragraph 41 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. The calls were non-consensual encounters.

**Answer:** Paragraph 42 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     The Defendant had the ability to immediately honor Plaintiff's do not call requests, but it did not.

**Answer:** Paragraph 43 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.

**Answer:** Paragraph 44 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 44 of the Complaint.

46.     In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.[1]

**Answer:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

### RESPONSE TO CLASS ACTION ALLEGATIONS

47.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

**Answer:** Defendant repeats and reasserts all previous responses as if fully set forth herein.

48.     Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

---

[1] Please note that Complaint skips paragraph number 45.

**Answer**: Paragraph 48 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 48 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

49.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; and (4) within the four years prior to the filing of the Complaint.

**Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**Answer**: Paragraph 49 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes.

**Answer:** Paragraph 50 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**Answer:** Paragraph 51 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that cluttered legitimate communications.

**Answer:** Paragraph 52 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.     This Class Action Complaint seeks injunctive relief and money damages.

**Answer:** Paragraph 53 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.     The Classes, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

**Answer:** Paragraph 54 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds as the calls were sent in a generic fashion.

**Answer**: Paragraph 55 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**Answer:** Paragraph 56 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**Answer**: Paragraph 57 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**Answer:** Paragraph 58 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

     a.  Whether Defendant sent multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

     b.  Whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

     c.  Whether Defendant's conduct constitutes a violation of the TCPA; and

     d.  Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

**Answer:** Paragraph 59 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes because the Plaintiff has no interests which are antagonistic to any member of the Classes.

**Answer:** Paragraph 60 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are

committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

**Answer:** Paragraph 61 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 61 of the Complaint.

62.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendants and/or their agents.

**Answer:** Paragraph 62 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**Answer:** Paragraph 63 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 63 of the Complaint.

## RESPONSE TO FIRST CAUSE OF ACTION

64.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**Answer:** Defendant repeats and reasserts all previous responses as if fully set forth herein.

65.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**Answer:** Paragraph 65 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 65 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

66.     Defendant's violations were negligent, willful, or knowing.

**Answer:** Paragraph 66 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.     As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**Answer:** Paragraph 67 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 67 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

68. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from sending telemarketing calls, including calls, to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**Answer:** Paragraph 68 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 68 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION

69. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**Answer:** Defendant repeats and reasserts all previous responses as if full set forth herein.

70. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

**Answer:** Paragraph 70 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 70 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

71. Defendant's violations were negligent, willful, or knowing.

**Answer:** Paragraph 71 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 71 of the Complaint.

72.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**Answer:** Paragraph 72 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 72 of the Complaint and refers to the referenced laws for the true and correct terms thereof.

## AFFIRMATIVE DEFENSES

Defendant asserts the affirmative defenses set forth below:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted on behalf of himself and/or any of the alleged class members.

### SECOND AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against the Defendant is barred, in whole or in part, because Plaintiff has not sustained any damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and/or statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

20

Defendant denies any allegations not specifically admitted herein, and specifically denies that it violated any applicable law.

## FIFTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred in whole or in part, by the doctrines of waiver, unclean hands, and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, by the doctrines of *res judicata*, claim and issue preclusion, judicial estoppel, estoppel, and waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Without admitting the allegation in the Complaint, any claim against Defendant is barred, in whole or in part, because, to the extent he has suffered any harm or damages, such harm or damages was the result of his own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Defendant.

## NINTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Plaintiff is not entitled to any actual statutory damages under the Telephone Consumer Protection Act.

## TENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Defendant did not violate the Telephone Consumer Protection Act and did not commit any knowing or willful conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Plaintiff gave his valid prior express consent, invitation, or permission for Defendant to contact him.

## TWELVTH ELEVENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred in whole or in part, because Plaintiff (though an alias or otherwise) or someone acting on his behalf provided prior express consent, invitation, or permission to be contacted by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Defendant reasonably relied on the good faith belief that Plaintiff had given valid prior express consent, invitation, or permission for Defendant to contact him.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this action because Plaintiff lacks Article III standing and prudential standing to brings his claims.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because each alleged class member gave their valid prior express consent, invitation, or permission for Defendant to contact them.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations for multiple damages under the TCPA are barred because Defendant did not violate the TCPA and did not commit any knowing or willful conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class action allegations fail to satisfy any of the express and implicit requirements of Federal Rules of Civil Procedure 23(a) and 23(b).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations fail to state sufficient class allegations under applicable law.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because they constitute impermissible fail-safe allegations. TWENTYITH

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because they are insufficiently ascertainable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because Defendant reasonably relied on the good faith belief that each alleged class member had given valid prior express consent, invitation, or permission for Defendant to contact them.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and lack a good faith basis in fact and/or law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the class allegations where none of the allegations relate to alleged conduct or harm occurring in Illinois.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because none of the alleged class members suffered any damages caused by Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and any alleged class member's damages, if any, are capped by what is allowable by statute under the Telephone Consumer Protection Act only.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief on behalf of himself and the alleged class members are barred.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Venue is not proper in this Court.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims and class allegations under the automated telephone equipment portion of the TCPA, 47 U.S.C. § 227(b)(1), because that portion of the statute was deemed unconstitutional at the time the allegedly illegal calls were made to Plaintiff. *See*, *e.g*., *Creasy v. Charter Communications, Inc*., 2020 WL 5761117 (E.D. La. Sep. 28, 2020).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because Defendant did not make the alleged communications, inclusive of an alleged telephone call and e-mail, nor is Defendant vicariously liable for such communications because it was not involved in, nor did it direct, authorize, or ratify, such alleged communications and actions.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims his prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

24

To the extent any alleged class member claims that their prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to Defendant.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, any claim against Defendant is barred, in whole or in part, because any damage allegedly suffered is solely the proximate result of conduct, acts and/or omissions of persons or entities other than Defendant, over whom Defendant had no control.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Without admitting the allegations in the Complaint, Defendant is not liable for any alleged violations of TCPA § 227(c)(5) and its implementing regulations pursuant the TCPA's safe harbor provision, which provides that "[i]t shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5)(C). Owing to its "establish[ment] and implement[ation], with due care," of such "reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under" the statute, Defendant is entitled to the protections of the safe harbor provision, thus precluding its liability under 47 U.S.C. § 227(c)(5) and its implementing regulations for the conduct alleged in the Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as to Plaintiff's claims and the class allegations, as discovery has not yet opened.

Dated: August 6, 2025                **Servbank SB (f/k/a Allied First Bank)**

*s/ Jeffrey M. Schieber*

Jeffrey M. Schieber
Nelson Mullins Riley & Scarborough LLP
123 N. Wacker Drive, Floor 21
Chicago, IL 60606
(312) 376-1110
jeff.schieber@nelsonmullins.com

***Counsel for Defendant Servbank SB (f/k/a Allied First Bank)***

## <u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on August 6, 2025. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Anthony Paronich, Esq. Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com

Francisco Fernandez del Castillo
Del Castillo Law Group, LLC
11 E. Adams Street, #1401
Chicago, Illinois 60603
francisco@delcastillolawgroup.com

*Attorneys for Plaintiff*