IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and others similarly situated, | : | |
| | : | Case No. 1:25-cv-06182 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SERVBANK SB F/K/A ALLIED FIRST BANK | : | Hon. Sharon Johnson Coleman |
| | : | |
| Defendant. | : | |

**JOINT STATUS REPORT REGARDING**
**DISCOVERY PROGRESS AND PROSPECTS OF SETTLEMENT**

Pursuant to the Court's directive that no later than December 5, 2025 the parties file a joint status report describing discovery progress and the prospects of settlement, the parties submit the following.

The Court's current schedule provides that any amendments to pleadings or actions to join other parties shall be filed by January 20, 2026; all written discovery shall be issued no later than January 16, 2026; the fact discovery deadline is March 2, 2026; initial experts shall be disclosed by March 24, 2026 and deposed by May 1, 2026; and rebuttal experts shall be disclosed by June 2, 2026 and deposed by July 2, 2026.

Plaintiff's Discovery Status Report

Discovery has begun, but meaningful progress has been limited by Defendant's failure to provide complete and substantively appropriate written responses and production. Plaintiff served written discovery seeking, among other things, information and documents regarding Defendant's vendor relationships, call/text practices, records relating to Plaintiff, and the factual bases for Defendant's affirmative defenses. Defendant made a small initial production and

asserted various objections, but Plaintiff contends multiple core categories remain missing or inadequately answered.

Plaintiff has engaged in repeated meet-and-confer efforts to resolve these issues without Court intervention. On September 24, 2025, Plaintiff's counsel wrote to defense counsel requesting a meet-and-confer and specifically identified several unresolved issues regarding more than 5 of the Defendant's responses to the document requests and failure to produce associated documents.

After further follow-up, defense counsel indicated on September 18, 2025 that Defendant had provided a link to its responses to Plaintiff's document demands, but still had not provided the signed verification to the interrogatory responses and anticipated sending it once available. Plaintiff continued to request completion and supplementation. The parties then scheduled a meet-and-confer for October 21, 2025 after Plaintiff circulated an updated meet-and-confer list on October 20, 2025, identifying the same key deficiencies and specifying the interrogatories and document requests at issue.

Following the October 21, 2025 meet-and-confer, Plaintiff memorialized the discussion in writing on November 11, 2025, detailing the specific supplementation and production Plaintiff requested. Since that memorialization, Plaintiff has continued to follow up. On December 1, 2025, Plaintiff contacted defense counsel again in light of the December 5 status report, but did not receive any update regarding the supplemental production. As of the date of this report, Plaintiff contends the following issues remain unresolved and continue to impede discovery progress: Defendant has not supplemented its interrogatory answers to identify all third parties and sub-vendors beyond iLeads and describe their roles; Defendant has not provided the factual narrative and currently known factual bases supporting its affirmative defenses as requested;

Defendant has not produced a complete privilege log or produced non-privileged categories of communications and data relating to Plaintiff and the alleged calls/texts; Defendant continues to contend that vendor agreements and communications are in the possession of a former employee, rather than confirming and producing documents within Defendant's possession, custody, or control; Defendant has not produced consumer complaints and internal correspondence responsive to Plaintiff's requests, beyond an internal Do Not Contact list; and Defendant has not produced internal records reflecting the calls, leads, and transfers that Plaintiff contends should exist and are needed to evaluate Defendant's involvement and the scope of the conduct at issue. If a supplement does not occur, the Plaintiff intends to file a motion to compel within the next two weeks.

Defendant's Discovery Status Report

Defendant has fully fulfilled its obligations with regard to discovery and cannot produce documents and information that do not exist. Defendant performed a diligent search for information within Defendant's possession, custody and control, and produced all responsive non-privileged documents to the Plaintiff. Plaintiff then identified alleged deficiencies in Defendant's production, which Defendant attempted to remedy by completing a follow-on search for responsive documents and information. The results of Defendant's investigation were reported to Plaintiff on December 4, 2025. That Defendant is not in possession, custody, or control of any further responsive documents, and therefore cannot produce any additional documents. Defendant remains ready to meet and confer in good faith regarding any and all responsive documents within its control.

Regarding the sole communication Defendant withheld for privilege, Plaintiff's contention, as understood by the Defendant, is that attorney-client privilege would not attach

because the email's author, Craig Mattson, is a former employee. Contrary to Plaintiff's position, however, *Upjohn* and its progeny include former employees within the scope of attorney-client privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 389-97 (1981); *Cty. of Cook v. Wells Fargo & Co.*, 2021 U.S. Dist. LEXIS 39991, *9-10 (finding communications between a party and its former employee to be covered by the attorney-client privilege and noting that "[e]very circuit to address the question has concluded that the distinction between present and former employees is irrelevant for purposes of the attorney-client privilege." (internal citations omitted)).

Finally, the former primary defense counsel in this case, Michael J. Mauro, recently separated from Defense Counsel's law firm. As a result, Defense Counsel is currently reviewing the case file. However, Defendant anticipates scheduling a meet and confer within the next two weeks with the Plaintiff regarding Plaintiff's miniscule initial production, which includes inappropriate redactions that obscure responsive information. Defendant may also provide a response to Plaintiff's request, which was first made in this letter, for a factual narrative and currently known factual bases supporting its affirmative defenses.

Settlement Update

As to settlement, Plaintiff contends that the parties' ability to meaningfully evaluate settlement is constrained by the absence of complete and substantively appropriate discovery responses and production from Defendant, including documents and information necessary to assess Defendant's vendor relationships, internal records, and defenses. Defendant similarly contends that its ability to meaningfully evaluate settlement is constrained at this time, as Plaintiff's initial production was deficient and inappropriately redacts necessary information. The parties have not yet requested that the Court schedule a settlement conference, but if they

wish to begin the process of scheduling a settlement conference prior to the applicable date, they will notify the Court.

        PLAINTIFF, individually and
        on behalf of others similarly situated,

        By:

        */s/ Anthony I. Paronich*
        Anthony I. Paronich
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        [o] (617) 485-0018
        [f] (508) 318-8100
        anthony@paronichlaw.com

        Respectfully submitted,

        MILMAN LABUDA LAW GROUP, PLLC
        By: */s/ Joseph M. Labuda*
        Joseph M. Labuda, Esq.
        Anna-Lisa F. Vanzo Esq.
        3000 Marcus Avenue Ste. 3W8
        Lake Success, NY 11042
        Tel: (516) 328-8899
        Email: joe@mllaborlaw.com
                 annalisa@mllaborlaw.com

        *Attorneys for Defendant Allied First Bank, SB*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 5, 2025, I electronically served the foregoing on counsel for the parties through the Court's CM/ECF system.

*/s/ Anthony I. Paronich*
Anthony I. Paronich
