# PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043

Anthony I. Paronich                    Tel. (508) 221-1510
                                       Fax (508) 318-8100
                                       anthony@paronichlaw.com

January 19, 2026

**VIA ECF**

Hon. Maria Valdez
U.S. District Court for the Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604

Re:     *Bronstin v. Servbank SB F/K/A Allied First Bank*, Civil Action No. 25-cv-6182 (N.D. Ill.)
        <u>Letter Regarding Motion for Extension of Time</u>

Dear Judge Valdez:

On behalf of the Plaintiff, we write in advance of the January 21, 2026 hearing on Plaintiff's Unopposed Motion for Extension of Time to provide additional context that, in the interest of brevity and because the motion was unopposed, was not included in our written submission.

We understand that the Court appears to have scheduled this hearing in part due to its August 6, 2025 minute order cautioning that difficulties in scheduling depositions generally do not constitute good cause for extensions. We respectfully submit that the circumstances here go beyond ordinary deposition scheduling challenges and demonstrate the diligence and good cause contemplated by Rule 16(b)(4).

First, as outlined in our motion, Plaintiff has diligently pursued discovery, including requesting deposition dates for Mr. Skeffington as well as the Defendant's person most knowledgeable regarding document preservation and production, as well as potentially amending the complaint to add in Craig Mattson, the Allied First employee who placed the calls at issue, and his company. These depositions are essential to evaluating whether amendment or joinder is warranted, and further, the amendment may be necessary because of the rather unique lead generation arrangement at issue here whereby Allied First permitted its employees to arrange for, sell, and be reimbursed for lead generation conduct. Defendant has indicated it will provide deposition dates once it receives confirmation from its client, but those dates have not yet been provided and they have been requested repeatedly for more than a month. Additionally, the parties are in the process of meeting and conferring with respect to deficiencies in discovery. We did not want to burden the Court with these details in an otherwise unopposed motion.

Second, and more significantly, there are substantive delays beyond deposition scheduling that warrant the requested extension. Plaintiff's expert is currently collecting and

processing call data from Craig Mattson, a former Allied First employee who made the calls at issue in this case. In order to authenticate this data and prepare for class certification and other motions practice, Plaintiff needs supporting records from Defendant and/or Mr. Mattson, including calling records, consent records, and other documentation of Defendant's relationship with Mr. Mattson.

Troublingly, Allied First previously produced these very records in other litigation but now claims to have lost them. This has created significant delay in Plaintiff's ability to complete the investigation necessary to make informed pleading decisions by the current deadlines. Plaintiff cannot reasonably be expected to determine whether amendments or joinder are appropriate without access to these critical records that Defendant once possessed and produced but now cannot locate, let alone those which Plaintiff was expecting would be produced but were not produced in advance of the amendment deadline.

We remain prepared to appear in person on January 21, 2026 as directed and can address any questions the Court may have regarding the specific nature of the records at issue, the status of Defendant's search efforts, or any other matters. We respectfully submit, however, that these circumstances, Plaintiff's diligent pursuit of discovery, the need for key depositions before additional pleading and in preparation for class certification and other dispositive motions, and Defendant's inability to locate previously-produced documents central to Plaintiff's investigation, constitute good cause under Rule 16(b)(4) for the modest three-month extension requested.

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
Counsel for Plaintiff

cc: Counsel of Record (via ECF)