**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and others similarly situated, | : | Case No. 1:25-cv-06182 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SERVBANK SB F/K/A ALLIED FIRST BANK | : | Hon. Sharon Johnson Coleman |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION FOR LIMITED EXTENSION OF DISCOVERY DEADLINE**

Defendant Servbank SB f/k/a Allied First Bank respectfully moves for a limited 45-day extension of the current discovery deadline, from May 4, 2026 to June 18, 2026. Good cause exists under Rule 16(b)(4) because Plaintiff's March 20, 2026 deposition identified specific categories of relevant discovery that could not reasonably have been pursued earlier, and Plaintiff's March 17, 2026 expert report confirms the need for limited related expert discovery tied to those same issues. In support, Defendant states:

1. The current discovery deadline is May 4, 2026. Defendant understands the Court's directive that extensions require diligence and good cause and therefore seeks only a short, targeted extension.

2. Plaintiff's deposition was taken on March 20, 2026. During that deposition, Plaintiff testified that key aspects of his claim depend on materials not yet produced, including the native version of his self-created "Telephone Solicitations Report," underlying Google contact entries and notes fields used as a "DNC log," additional screenshots, texts, emails, and

attachments, records concerning the phones and devices used during the relevant period, and documents relating to his efforts to obtain Mint Mobile records.

3.  Plaintiff further testified that certain attributions central to his claims—including which numbers were associated with Allied First and the basis for particular entries in his chart—depend on those logs, contact entries, and notes.

4.  Plaintiff also testified to facts warranting targeted third-party discovery from Mint Mobile concerning the number at issue, subscriber/account history, and related records.

5.  Plaintiff served an expert report dated March 17, 2026. That report relies on and discusses many of the same underlying categories of materials implicated by Plaintiff's deposition testimony, including number assignment issues, call records, DNC-related materials, and Plaintiff's own logs and compilations.

6.  In light of those overlaps, Defendant needs a brief extension not only to obtain the targeted post-deposition and third-party discovery, but also to depose Plaintiff's expert witness on a complete record. Proceeding with that deposition before the underlying materials are produced would be inefficient and likely lead to avoidable follow-up.

7.  Defendant is acting promptly. Defendant intends immediately to serve a narrowly tailored post-deposition supplemental document demand and targeted third-party carrier subpoenas, including to Mint Mobile and Verizon, and to notice Plaintiff's expert deposition for the earliest available date after production of the relevant materials. Defendant also intends to complete responses and production relating to Plaintiff's third set of discovery during this same period.

8.  This request is limited. Defendant seeks a short extension only to complete:

(a) post-deposition discovery specifically identified by Plaintiff's testimony;

2

(b) targeted third-party carrier discovery made necessary by that testimony;

(c) completion of Plaintiff's outstanding third-set discovery; and

(d) the deposition of Plaintiff's expert witness and any directly related follow-up.

9. This constitutes good cause under Rule 16(b)(4). The need for this discovery arose from Plaintiff's deposition testimony and expert report, and Defendant has moved promptly after identifying those issues.

10. Defendant conferred with Plaintiff's counsel regarding the requested extension, but the parties were unable to reach an agreement.

WHEREFORE, Defendant respectfully requests that the Court extend the current discovery deadline from May 4, 2026 to June 18, 2026 for the limited purposes set forth above, and grant such other and further relief as the Court deems just.

Dated: Lake Success, New York
April 20, 2025

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Joseph M. Labuda
Joseph M. Labuda
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com

*Counsel for Defendant*

3