**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | **1:25-cv-06182** |
| | : | |
| v. | : | |
| | : | |
| SERVBANK SB (FORMERLY ALLIED FIRST BANK) | : | |
| | : | |
| Defendant. | : | |

**OPPOSITION TO DEFENDANT'S MOTION
FOR EXTENSION OF DISCOVERY DEADLINE**

### INTRODUCTION

Defendant Servbank SB f/k/a Allied First Bank ("Allied First" or "Defendant") asks this Court to do precisely what Allied First itself successfully urged Magistrate Judge Valdez to refuse less than a year ago in another Telephone Consumer Protection Act matter, under a similar procedural posture, *Katz v. Allied First Bank, SB*. In *Katz*, Plaintiff's counsel moved for a narrow, single-subpoena extension to follow up on information first disclosed at a deposition. Allied First opposed, insisting that the diligence requirement of Rule 16(b)(4) "cannot be rewarded" when a party delays, and that additional discovery would "unjustifiably require additional time and expense" in a case "that has already been pending . . . and that is ripe for consideration on class certification and/or summary judgment." *See* Exhibit A (Katz ECF No. 130). This Court agreed and denied the motion. *See* Exhibit B (Katz ECF No. 134).

Allied First now turns around and advances essentially the mirror image request on a record that is objectively worse for Allied First. Plaintiff's deposition occurred on March 20, 2026. Plaintiff's expert report was served on March 17, 2026. Armed with both, Defendant then

propounded nothing for a full month, subpoenaing nothing, and noticed no expert deposition. Not until April 20, 2026, fourteen days before the May 4, 2026 fact discovery cutoff, did Defendant act. And when it finally did act, it did not do so with diligence. It filed a motion to extend and, on the very same day, served a sweeping twenty-request set of post-deposition document demands on the Plaintiff and which is due May 20, 2026, sixteen days *after* the present cutoff. *See* Exhibit C. Defendant's own discovery papers thus demonstrate that Defendant was never intent on honoring the existing discovery schedule in this litigation, regardless of what Plaintiff did or said in his deposition. This action was filed in early June of last year. Discovery was initially set to close on March 2, 2026. In its initial scheduling order, the Court noted, "The Court generally does not consider obligations in other cases, vacations, holidays, illnesses, or difficulty scheduling depositions to demonstrate good cause, as there is more than enough time to complete discovery even if those expected complications arise." (ECF No. 13).

In early January, the parties sought, and were granted, after an in-person hearing, a brief unopposed extension to the discovery deadlines under the now-operative scheduling order, extending the fact discovery deadline only to May 4, 2026. (ECF No. 27). Despite this Order, and despite this Court's admonitions on the record at the January 21 hearing, Defendant waited until late March to depose Plaintiff, and until mid-February to notice the same.

Making matters worse, Defendant has not even responded to Plaintiff's Second Set of Discovery, served on March 17, 2026. *See* Exhibit D. Responses were due on April 16, 2026. They are now past due, and Defendant has requested an "extension" to respond to them after they were due. Put plainly, Defendant is not a party that has been diligent and simply needs a bit more runway. It is a party that has ignored existing deadlines entirely and now asks the Court to bless that choice by giving it an extension within which to propound the discovery it deems

expedient, despite being able to do so for other a month. That is neither good cause nor diligence. It is the opposite. "The central consideration in assessing whether good cause exists is the diligence of the party seeking to amend." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852-53 (7th Cir. 2022).On that measure, Defendant's motion fails. The Court should deny it.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, arising out of telemarketing calls and texts Plaintiff contends were placed to sell Allied First's mortgage loan services.

The key events here are few and telling:

Shortly after this Action was filed, on August 6, 2025, the Court issued a Scheduling Order. In that Order, the Court denied Defendant's discovery bifurcation proposal and directed that fact discovery should close March 2, 2026. The Court expressly stated that "There will be no extensions absent good cause under Fed. R. Civ. P. 16(b)(4), which requires diligence on the movant's part." (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)). The Court went on to state, "The Court generally does not consider obligations in other cases, vacations, holidays, illnesses, or difficulty scheduling depositions to demonstrate good cause, as there is more than enough time to complete discovery even if those expected complications arise." (ECF No. 13). Despite Plaintiff seeking deposition dates for a corporate employee and a 30(b)(6) representative in December of 2025, Defendant simply promised to "circle back re dates" and did not notice the Plaintiff's deposition at all until almost a month *after* the Court entered its second scheduling order after the parties jointly sought to extend the deadlines.

On March 17, 2026, Plaintiff served his expert report, authored by Aaron Woolfson. The report relies on, and discusses, precisely the categories of underlying materials that Defendant now claims to need additional time to investigate.

Also on March 17, 2026, Plaintiff served his Second Set of Discovery, attached herein as Exhibit D. Responses were due on April 16, 2026. Defendant did not respond. Defendant did not, and has not, moved for an extension to respond, and, to date, no response has been served.

On March 20, 2026 Plaintiff's deposition was taken in person in Chicago. Defendant now contends that this deposition placed Defendant on notice of "specific categories of relevant discovery that could not reasonably have been pursued earlier." What Defendant does not say is that the "new" categories are, principally, Plaintiff's own phone records, which it already requested and which Plaintiff already not only stated that he no longer possessed but provided the carrier for the same from which the records could be obtained in *October of 2025*, and confirmed the same in *mid-February*. Despite knowing the relevant carriers that would have to be subpoenaed for that information, it did not issue subpoenas until a month *after* the Plaintiff's deposition, despite having all the information it needed in October of 2025.

In the following month, Defendant did nothing. No supplemental discovery was served. No third-party subpoenas were issued, to the relevant phone carriers or anyone else. The parties' April 17, 2026 Joint Status Report confirmed this state of affairs. (ECF No. 34). Additionally, no response was served to Plaintiff's pending Second Set of Discovery when it came due.

On April 20, 2026, just two weeks before the current May 4 fact discovery cutoff, and more than a month after the deposition, Defendant filed the instant motion. On the same day, it also served its "Post-Deposition and Expert Supplemental Request for Production of Documents to Plaintiff Asher Bronstin." Responses to these requests, which are largely duplicative of

requests that the Defendant already served on Plaintiff and to which Plaintiff timely responded, are due on May 20, 2026, sixteen days after the present fact discovery cutoff and more than two months after Plaintiff's deposition.

The current fact discovery deadline in this matter is May 4, 2026. Defendant seeks to push that deadline to June 18, 2026, a further 45 days, purportedly to accomplish what it chose not to begin for more than thirty days after it says the need became "apparent," despite having all the information necessary to subpoena the telephone carriers and propounding discovery on the Plaintiff for much the same information it now claims it has a need for.

## LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The central consideration in assessing whether good cause exists is the diligence of the party seeking to amend." *Allen*, 41 F.4th at 852-53. "[T]he good-cause standard focuses on the diligence of the party seeking amendment, not the prejudice to the nonmoving party." *Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622, 627–28 (7th Cir. 2013). "A party has not been diligent where it could have learned of pertinent information via timely discovery procedures." *Katz v. Allied First Bank, SB*, No. 1:22-cv-05277, ECF No. 134 (N.D. Ill. July 24, 2025) (Valdez, M. J.).

Good cause is not established by the mere identification of information a party would like to have or that it feels is necessary to its case. Instead, the movant must show that, despite their diligence, the scheduling deadlines "could not have reasonably been met." *Haynes v. KONE, Inc. Employees' Ret. Plan*, No. 21 C 6647, 2022 WL 5119830, at *1 (N.D. Ill. Sept. 29, 2022). Where the reason for delay lies "within the control of the movant," the good cause standard is not

satisfied. *Katz*, ECF No. 134 (quoting *Washington v. Conley*, No. 3:20-CV-50390, 2025 WL 1908109, at *2 (N.D. Ill. July 10, 2025)).

<u>**ARGUMENT**</u>

**A.     Defendant Fails the Core Diligence Inquiry Because It Did Nothing for More Than a Month After the Events That Supposedly Triggered the Need for More Time.**

Defendant's motion rests on a single premise, that Plaintiff's March 20, 2026 deposition (and, to a lesser extent, his March 17, 2026 expert report) identified "specific categories of relevant discovery that could not reasonably have been pursued earlier." Def.'s Mot. at 1. That premise is false. As Plaintiff has outlined above, Defendant has not been diligent, having waited a month to even begin to propound the additional discovery it claims was needed, despite knowing of the Plaintiff's telephone carriers and records and efforts to obtain them in October of 2025 and February of 2026.

But assume the premise, *arguendo*, that the Defendant could not have identified the specific categories of discovery that it wanted to conduct any earlier. The motion still fails because Defendant took no action on that premise for more than a month.

The deposition was on March 20, 2026. The expert report was served three days earlier. By Defendant's own telling, the full universe of "needed" additional discovery, including the twenty sweeping (and mostly duplicative) document requests that it served and which will allegedly be due after the close of discovery, the third party subpoenas to Plaintiff's telephone carriers, and some vague proposal to "depose Plaintiff's expert witness on a complete record," was identifiable as of March 20, 2026. Yet from March 21, 2026 through April 19, 2026, inclusive, Defendant served nothing, subpoenaed nothing, and noticed nothing.

That unexplained, thirty day pause is dispositive. Rule 16(b)(4)'s diligence requirement is not satisfied by a movant who identifies a need and then waits weeks to do anything about it. *See*

*Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (diligence was not satisfied when party had motion to dismiss for two months before seeking leave to amend); *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) (diligence was not met when plaintiff waited about a month after receiving documents to seek to amend). Courts in this District routinely deny extension motions on far less egregious facts. *See, e.g.*, *Katz*; *Kapila v. Vallera*, No. 20 C 1760, 2022 WL 20652620, at *1 (N.D. Ill. Jan. 14, 2022) (holding that alleged need for additional discovery is "not an element to be considered in determining whether to grant an untimely request to extend a discovery schedule").

Defendant offers no explanation for its month long delay, not to mention the fact that (1) the Plaintiff served his expert report within the applicable case deadline that Allied First had already agreed to, and (2) that Allied First knew, since *October*, that the Plaintiff's telephone records were in the possession of his telephone carriers and that he was unable to obtain them online. There is no good reason why Defendant did not seek this information sooner, let alone for a month after the Plaintiff's deposition would have allegedly clarified any misapprehension as to where to obtain the records from. What's more, Defendant does not even identify what it allegedly learned in the deposition that it did not already have knowledge of, and simply says that the need "arose" from the deposition and expert report, and contends, in all seriousness, that Defendant has "moved promptly after identifying those issues." Respectfully, a month's lag between "identifying the issues," even under a charitable reading of Defendant's position, and doing anything about them is not "promptly" by any recognized definition of that word.

Nor can Defendant shelter behind the expert report. The report was served three days before the deposition and *in conformity with the schedule that the Court already set and that Defendant agreed to*. If, as Defendant now represents, the report "relies on and discusses many

of the same underlying categories of materials implicated by Plaintiff's deposition testimony," then by March 17, 2026, Defendant had actual notice of the categories of discovery it now says it needs. It could have, and should have, commenced whatever discovery it felt was needed to respond to Plaintiff's expert report, in late March, and in accordance with the schedule that it already agreed to, but did not. The good cause inquiry looks to what the movant was diligent with the time it had. Defendant did nothing, and it offers no reason for that inaction. That is not diligence by any reading of that term.

**B.  The Sweeping RFPs Defendant Served the Same Day as Its Motion Demonstrates That Defendant Never Intended to Work Within the Existing Schedule.**

If any doubt remained that Defendant's delay is not simply a matter of diligent but unlucky timing, Exhibit C dispatches that argument. On April 20, 2026, the same day it filed this motion,  Defendant served twenty "supplemental" document requests on Plaintiff, many with multiple subparts and a number of which demand, simply in a different way, multiple categories of materials that Defendant already requested and which Plaintiff already either objected to or clarified that he did not have. To take just one example, Exhibit C's Request 12 requests documents supporting the Plaintiff's contention that his telephone number was registered on the Do Not Call Registry. But Defendant already requested this in its first set of discovery, and Plaintiff provided a copy of an email confirmation from the Registry confirming that fact.

Moreover, Plaintiff's responses to these requests (if at all) would be due on May 20, 2026, which is sixteen days *after* the current May 4 fact discovery cutoff. This Court's Standing Order Establishing Pretrial Procedure, which applies in this case, expressly provides that "discovery must be *completed* before the discovery closing date. Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order."

Notwithstanding the fact that this discovery flunks the plain text of this Court's Standing Order, as a practical matter, Defendant cannot possibly have expected those requests to be responded to, conferred over, supplemented, or subjected to any motions practice, within the existing schedule. In other words, Defendant's own conduct makes clear that the "limited" extension Defendant seeks is, on the face of its own contemporaneous discovery, a necessary condition to its document demands producing anything at all. The motion is not a reasonable response to newly learned information. It is a request that the Court ratify, after the fact, Defendant's unilateral decision to ignore the existing schedule.

That is a particularly troubling posture given what Defendant represents to the Court about what it "intends" to do. The motion states that Defendant "intends immediately to serve a narrowly tailored post-deposition supplemental document demand." In reality, that "narrowly tailored" demand was not "narrowly tailored" by any measure. A movant who fails to comply with this Court's standing order as to the timing of the service of discovery cannot credibly claim diligence.

## C.     Defendant's Failure to Respond to Plaintiff's Second Set of Discovery Independently Defeats Any Claim of Good Cause.

Nor is diligence a standard that can be deployed selectively and invoked when it suits the movant and ignored when it does not. Even as Defendant now asks this Court to extend the fact discovery cutoff on the ground that "the need for this discovery arose from Plaintiff's deposition testimony and expert report," Defendant has been quietly disregarding its own obligations in the other direction.

Plaintiff served his Second Set of Discovery on March 17, 2026, attached herein as Exhibit D. Written responses to those requests were due on April 16, 2026. Defendant did not serve responses on that date. Defendant did not move for an extension. Defendant did not serve

objections. It simply ignored the deadline and claimed that bringing a new attorney onto the team in this matter somehow excused its compliance. Plaintiff intends to make this failure to respond the subject of future motions practice. Suffice to say, however, for the instant purposes here, Defendant's own failure to respond to the discovery propounded on it further undercuts any suggestion that it was diligent, as it has been neglectful not only in its own propoundment of discovery but also in its own discovery obligations to Plaintiff. Granting the extension Defendant seeks would effectively reward Defendant for both types of malfeasance. Neither supplies "good cause" to move the schedule.

**D.      Defendant Prevailed on Materially the Same Argument in Katz. Its Own Authorities and Reasoning Should Be Applied Against It Here.**

The most instructive authority on the question before the Court is one that Defendant itself authored. In *Katz*, the same Defendant, Allied First Bank, now known as Servbank, was presented with a materially similar extension motion brought by Plaintiff's counsel, the same counsel appearing here. In *Katz*, Plaintiff's counsel moved to extend discovery for the narrow purpose of issuing a *single subpoena* to a telephone carrier whose existence he learned about for the first time at the deposition of a former Allied First employee. Allied First opposed. Its brief, attached as Exhibit A and worth reading in full, made much the same points Plaintiff does here, and addressing far more diligence than that with which the Defendant has demonstrated here. As Allied First itself contended, this lack of diligence cannot be rewarded. And, as Allied First also pointed out, allowing additional discovery, including the extensive and duplicative "supplemental" discovery Defendant has already propounded on Plaintiff, while at the same time neglecting its own discovery obligation, would "unjustifiably require additional time and expense and is not proportionate to the needs of the case."

This Court agreed with Allied First, denying the motion in a written order attached as Exhibit B. The Court further noted that an extension would substantially delay the proceedings, that the non-movant could not avoid prejudice absent that delay, and that even a movant's good faith alone does not overcome the failure to satisfy the diligence requirement. *A fortiori* here, where there is clearly no good faith but indeed evidence of neglect, delay, and failure to abide by that party's own discovery obligations, there can be no showing of diligence. Plaintiff's counsel in *Katz* learned of a third-party lead generation company's involvement in a deposition for the first time, and even that was not enough to establish diligence, because Plaintiff's counsel could have taken the deposition earlier.

Here, by contrast, there is no equivalent new fact at all. Defendant is the party in possession of its own telephone records, contracts, and employee and compliance history. Everything it now says it needs from Plaintiff, including class calling records which were *already produced* by a third party telephone company in this litigation responsive to the subpoena, and the Plaintiff's own calling records, where it knew who to subpoena since October, could all have been obtained before the Plaintiff's deposition. Indeed, much of the information it now seeks to "supplement," such as the confirmation that the Plaintiff's number was on the Do Not Call Registry, have already been requested *and produced*. Simply put, this Court has already rejected the notion that a deposition can manufacture the need for documents and sidestep the diligence requirement. Any contention of diligence here is firmly dispatched by the fact that Defendant waited a month to even serve the discovery that it contended the deposition made clear it needed and about which Defendant could and should have been asking about all along.

If Mr. Katz lacked diligence for failing to take a third-party witness's deposition earlier, Defendant lacks diligence, *a fortiori*, for failing, over a long discovery period, to propound the

discovery it now claims it needs. And if a similar delay between the deposition and the filing of an extension motion doomed the *Katz* motion under the excusable neglect standard, a comparable delay here, especially when paired with thirty days of total inaction and sweeping, last-minute discovery that cannot be answered within the existing schedule, should likewise doom Defendant's motion under the good cause standard that governs here for want of diligence.

The Court need not take Plaintiff's word for any of this. It can take Defendant's. What Defendant said in *Katz* was correct then, and it is correct now. The Court should apply the same standard, to the same Defendant, in the same District, before the same Magistrate Judge, to reach the same result.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Limited Extension of Discovery Deadline in its entirety.


Date: April 23, 2026.

> PLAINTIFF, individually and
> on behalf of others similarly situated,
>
> By:
>
> */s/ Anthony I. Paronich*
> Anthony I. Paronich
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> [o] (617) 485-0018
> [f] (508) 318-8100
> anthony@paronichlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 23, 2026, I caused the foregoing to be filed via the Court's

CM/ECF system, which will cause a copy to be served upon all counsel of record.


*/s/ Anthony I. Paronich*
Anthony I. Paronich