**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

SAMUEL KATZ, individually and on
behalf of all others similarly situated,

       Plaintiff,

v.

ALLIED FIRST BANK, SB

       Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No.: 1:22-cv-05277

**Judge Robert W. Gettleman
Magistrate Judge Maria Valdez**

**DEFENDANT ALLIED FIRST BANK, SB'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND DISCOVERY FOR THE PURPOSE OF ISSUING SUBPOENA**

Defendant Allied First Bank, SB ("Allied First"), now known as Servbank, SB, by and

through its undersigned counsel, hereby submits this Opposition to Plaintiff's Motion to Extend

Discovery for the Purpose of Issuing Subpoena ("Motion to Extend"), and in support thereof, states

as follows:

**I.**      **INTRODUCTION**

Plaintiff initiated this action against Allied First on September 27, 2022, alleging violations

of the Telephone Consumer Protection Act ("TCPA") (ECF No. 1). As background, Allied First

employee Craig Mattson ("Mr. Mattson") engaged Consumer Nsight to provide live phone call

transfers to Allied First for leads of potential customers who had expressed interest in refinancing

their mortgage loans and who consented to being called about the refinance options. Upon

information and belief, Consumer Nsight obtained leads for individuals who were interested in

potential mortgage options. Allied First did not control how the calls were made and, instead, relied

on Consumer Nsight to conduct the calls in compliance with all applicable laws, as had been agreed

to.

Upon information and belief, Consumer Nsight engaged a third-party call center, Iconic Results LLC ("Iconic Results"), to conduct the calls to effectuate the agreement between Allied First and Consumer Nsight. Upon information and belief, at the direction and instruction of Consumer Nsight, and based on potential customer information provided by Consumer Nsight, Iconic Results contacted Plaintiff as part of its scope of work with Consumer Nsight. To the extent Plaintiff may have valid claims, its Allied First's position that liability would lie against Iconic Results and Consumer Nsight. Indeed, Plaintiff has already settled any direct claims he had against Iconic Results and Consumer Nsight.

On May 7, 2025, Allied First took the deposition of its former employee—Mr. Mattson. During deposition, Mr. Mattson testified that he owned a company—Diamond Select Lead Group ("Diamond Select")—which he used to generate telemarketing leads. Diamond Select had no involvement whatsoever in the calls made to Plaintiff. Yet now, nearly three (3) months after the close of fact discovery, Plaintiff seeks to extend the discovery deadline for the purpose of issuing a subpoena upon Diamond Select for: (1) documents relating to outbound calls between June 2018 through April 30, 2024; (2) all correspondence with any third party regarding Allied First; and (3) all correspondence with any third party regarding this litigation.

This Court should deny Plaintiff's Motion to Extend. *First*, Diamond Select had absolutely no involvement with the calls at issue in this case and, thus, information related to calls placed by Diamond Select are wholly irrelevant. Plaintiff only seeks information from Diamond Select in an effort to expand his class definition knowing that his potential class is smaller than initially anticipated. Plaintiff's gamesmanship cannot be rewarded.

*Second*, Plaintiff's seemingly simple request to issue one subpoena is not so simple. If this Court were to allow Plaintiff to serve a subpoena upon Diamond Select, Allied First would be

forced to engage in full discovery as to each and every call placed by Diamond Select to determine consent and other circumstances that would support Allied First's defenses, despite those calls having absolutely nothing to do with the calls made to the Plaintiff. This would prejudice Allied First as it would unjustifiably require additional time and expense and is not proportionate to the needs of the case. Additionally, this discovery would delay a case that has already been pending for nearly three (3) years and that is ripe for consideration on class certification and/or summary judgment.

Accordingly, this Court should deny Plaintiff's Motion to Extend.

## II.     **BACKGROUND**

Plaintiff initiated this action against Allied First on September 27, 2022, alleging violations of the TCPA. (ECF No. 1). Both Plaintiff and Allied First served subpoenas on Consumer Nsight on March 8, 2023 and April 5, 2023, respectively, and received objections and no documents in response to those subpoenas. Consumer Nsight's April 27, 2023 response to Allied First's subpoena stated that "Consumer Nsight LLC has no records in its possession, custody or control that are responsive to the subpoena in this matter." Plaintiff filed a First Amended Complaint on July 1, 2023, adding Consumer Nsight as a defendant. (ECF No. 26). Allied First filed its Answer to First Amended Complaint with Affirmative Defenses on August 14, 2023. (ECF No. 33).

Allied First investigated Plaintiff's claim against Consumer Nsight to determine Consumer Nsight's potential liability as it relates to Allied First. Consumer Nsight responded to the First Amended Complaint by filing a Motion to Dismiss for Lack of Jurisdiction on August 16, 2023. (ECF No. 34). In or around the same time, the Parties' Counsel discussed potential mediation of this case.

On September 9, 2023, this Court stayed oral discovery as to Allied First and completely stayed all discovery as to Consumer Nsight. (ECF No. 43). At the same time, the parties continued to work toward potential mediation of this case. Thereafter, on October 6, 2023, this Court stayed ruling on Consumer Nsight's Motion to Dismiss and granted Plaintiff leave to take discovery limited to the issue of personal jurisdiction over Consumer Nsight. (ECF No. 46). At the same time, the parties continued to work toward potential mediation of this case. On November 6, 2023, this Court stayed discovery pending mediation between the parties. (ECF No. 47). On January 8, 2024, the parties participated in mediation. Mediation efforts were unsuccessful between Allied First and Plaintiff. Accordingly, on January 9, 2024, this Court resumed discovery. (ECF No. 52). On April 26, 2024, Plaintiff dismissed Consumer Nsight without prejudice. (ECF No. 63).

On May 23, 2024, Allied First filed a Motion for Leave to File Amended Answer to First Amended Complaint with Affirmative Defenses and Third-Party Claims, seeking to assert a third-party claim against Consumer Nsight. (ECF No. 70). This Court granted Allied First's Motion on July 15, 2024. (ECF No. 78). Allied First filed its Third-Party Complaint on August 5, 2024. (ECF No. 79). Consumer Nsight thereafter moved to dismiss the Third-Party Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6) (ECF Nos. 95, 96). Allied First opposed Consumer Nsight's Motion to Dismiss on December 6, 2024. (ECF No. 103). On May 24, 2025, the Court granted Consumer Nsight's Motion to Dismiss. (ECF No. 125).[1]

---

[1] During the pendency of Consumer Nsight's Motion to Dismiss, Allied First served Interrogatories and Requests for Production of Documents upon Consumer Nsight. Consumer Nsight moved to stay discovery pending ruling on its Motion to Dismiss. The Court granted Consumer Nsight's Motion to Stay Discovery, but noted in open court that Allied First may be permitted to issue discovery upon Consumer Nsight following ruling on the Motion to Dismiss. Accordingly, on June 9, 2025, Allied First issued a Subpoena to Consumer Nsight.

Allied First subpoenaed Mr. Mattson for deposition, which occurred on May 7, 2025. During deposition, Mr. Mattson testified that he owned a company—Diamond Select—which he used to generate telemarketing leads. *See* Craig Mattson Dep., attached hereto as **Exhibit No. 1**, at 13:24-14:7. Diamond Select had no involvement whatsoever in the calls at issue in this case. *Id.* at 49:23-50:10. Despite the lack of relevance to this matter, Plaintiff filed the Motion to Extend on June 24, 2025 and requests additional time to serve Diamond Select with a subpoena for: (1) documents relating to outbound calls between June 2018 through April 30, 2024; (2) all correspondence with any third party regarding Allied First; and (3) all correspondence with any third party regarding this litigation.

### III.   LEGAL STANDARD

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "The central consideration in assessing whether good cause exists is the diligence of the party seeking to amend." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852-53 (7th Cir. 2022). "The decision whether to grant a motion to reopen discovery rests within the sound discretion of the court." *Signal Financial Holdings, LLC v. Looking Glass Financial, LLC*, No. 17 C 8816, 2021 WL 4940865 at *4 (N.D. Ill. June 10, 2021).

### IV.   ARGUMENT

Plaintiff's Motion to Extend must be denied. *First*, Plaintiff cannot establish the requisite "good cause" to justify an amendment to the scheduling order. Plaintiff argues that good cause exists because they were diligent in seeking the amendment to serve a subpoena upon Diamond Select after learning of its existence during Mr. Mattson's deposition. *See* Pl. Mot. at p. 4. Plaintiff ignores, however, that he himself could have taken Mr. Mattson's deposition at any time, and thus discovered the existence of Diamond Select earlier. Instead, Plaintiff chose to take a back seat and

allowed Allied First to subpoena Mr. Mattson for deposition after the close of discovery. Plaintiff's lack of diligence cannot be rewarded.

*Second*, Plaintiff's argument ignores the fact that any subpoena to Diamond Select is plainly irrelevant and, thus, no good cause exists. To be sure, Mr. Mattson unequivocally testified in deposition that Diamond Select had no involvement whatsoever in the calls at issue in this case. Ex. 1 at 49:23-50:10. Plaintiff only seeks records from Diamond Select in any effort to expand their class size and Plaintiff readily admits this fact. Pl. Mot. at p. 5 ("the Plaintiff simply pleading and *seeking to certify a larger class*…." (emphasis added)). Plaintiff alleges that discovery related to Diamond Select is directly relevant to their class definition. *Id.* Plaintiff's proposed class is defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendants (3) within a 12-months period, (4) from four years prior the filing of the Complaint.

*See* First Amended Compl. at ¶ 49. Recognizing the deficiencies in their vicarious liability argument against Allied First, Plaintiff seeks to expand this class definition to include calls placed by Diamond Select. Contrary to Plaintiff's intent, any discovery related to Diamond Select would defeat Plaintiff's commonality claim for class certification as Diamond Select had no involvement with Plaintiff's calls in this case.

*Finally*, the subpoena to Diamond Select is not as simple as Plaintiff would like to present to this Court. Plaintiff baldly alleges that he is prepared to move forward as soon as the supplemental records are produced. Pl. Mot. at p. 5. Plaintiff severely underplays the import of the Diamond Select records. If this Court were to find that any leads secured by Diamond Select fit within Plaintiff's class definition (which they do not), Allied First must have an opportunity to

fully investigate each of these leads, including whether the individual consented to be called, whether the individual was listed on the National Do Not Call Registry, and other factors which may impact Allied First's defenses. This would require full discovery and would delay a matter that is already ripe for consideration on class certification.

## V.     CONCLUSION

For the foregoing reasons, Allied First respectfully requests that this Court deny Plaintiff's Motion to Extend Discovery for the Purpose of Issuing Subpoena.

 Dated:  June 30, 2025

Respectfully submitted,
NELSON MULLINS RILEY & SCARBOROUGH, LLP

By: *s/ Jeffrey Schieber*
Jeffrey Schieber
Nelson Mullins Riley & Scarborough, LLP
123 N. Wacker Drive, Suite 2100
Chicago, Illinois 60606
Tel: (312) 376-1110
Email: jeff.schieber@nelsonmullins.com

Nathan E. Hoffman
Nelson Mullins Riley & Scarborough, LLP
One Nashville Place, Suite 1100
150 Fourth Avenue North
Nashville, Tennessee 37219
Tel: (615) 664-5300
Email: nathan.hoffman@nelsonmullins.com

Kevin P. Polansky
*Pro Hac Vice*
Nelson Mullins Riley & Scarborough, LLP
One Financial Center, Suite 3500
Boston, Massachusetts 02111
Tel: (617) 217-4720
Email: kevin.polansky@nelsonmullins.com

*Attorneys for Defendant Allied First Bank, SB*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of June 2025, a copy of the foregoing was electronically filed via CM/ECF and served on all counsel of record and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois.

*s/Jeffrey Schieber*
Jeffrey Schieber

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SAMUEL KATZ, individually and on behalf of all others similarly situated, | : | |
| | : | Case No.: 1:22-cv-05277 |
| Plaintiff, | : | |
| | : | **Judge Robert W. Gettleman** |
| v. | : | **Magistrate Judge Maria Valdez** |
| | : | |
| ALLIED FIRST BANK, SB | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Upon consideration of Plaintiff's Motion to Extend Discovery for the Purpose of Issuing Subpoena, Allied First's Opposition thereto, the record in this case, and the applicable law, it is this _____ day of _____, 2025, by the United States District Court for the Northern District of Illinois, hereby,

**ORDERED**, that Plaintiff's Motion to Extend Discovery for the Purpose of Issuing Subpoena is hereby **DENIED**.

_____
Hon. Robert W. Gettleman
U.S. District Court for the Northern District of Illinois

cc:      All counsel of record.