## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and others similarly situated, | : : | Case No. 1:25-cv-06182 |
| Plaintiff, | : : : | |
| v. | : : | |
| SERVBANK SB F/K/A ALLIED FIRST BANK | : : | Hon. Sharon Johnson Coleman |
| Defendant. | : : : | |

## DEFENDANT SERVBANK SB F/K/A ALLIED FIRST BANK'S POST-DEPOSITION AND EXPERT SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF ASHER BRONSTIN

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Servbank SB f/k/a Allied First Bank requests that Plaintiff Asher Bronstin produce the documents and electronically stored information described below within the time required by the Federal Rules.

### Definitions

1. "Relevant Period" means February 1, 2022 through July 29, 2023, unless otherwise stated.

2. "Number at Issue" means the 202 telephone number Plaintiff contends received or may have received the calls or texts at issue in this case, including but not limited to 202-██████ and 202-███████.

3. "Exhibit 1" means the "Telephone Solicitations Report" identified at Plaintiff's deposition on March 20, 2026.

4. "Exhibit 13" means the February 1, 2024 email identified at Plaintiff's deposition.

5. "Exhibit 14" means the text-message screenshots identified at Plaintiff's deposition.

6. "DNC Log" includes any Google contact entry, contact card, notes field, memo field, "DNC log," "DNC log general 2," spreadsheet, table, chart, compilation, or similar entry or notation referenced by Plaintiff at deposition as containing notes or details concerning alleged telemarketing contacts.

7. "Communications with Allied/Servbank" means communications with or concerning any of the following: Servbank, Allied First Bank, Adam Skeffington, Kara Schoenig, Ken Bertrand,

Dan Kalinowski, Justin Wick, or any email address, phone number, or contact Plaintiff contends was associated with Allied First or Servbank.

**Instructions**

1. Produce responsive ESI in native format where reasonably available, including associated metadata.

2. If a responsive document no longer exists, identify it, describe it, and state the circumstances of its loss or destruction.

3. If responsive material is withheld on privilege grounds, provide a privilege log sufficient to comply with Rule 26(b)(5).

4. These requests are continuing in nature.

**Requests**

**Request No. 1**

Produce the native version of Exhibit 1, including all metadata, formulas, hidden columns, comments, revision history, and all prior or draft versions.

**Request No. 2**

Produce all documents and ESI used to create Exhibit 1, including all screenshots, call-log images, text-message images, notes, contact entries, exports, backups, cloud-synced data, and compilations from which Exhibit 1 was derived.

**Request No. 3**

Produce the complete Google contact entry, contact card, and all associated notes, memo fields, labels, and edit history for any contact Plaintiff used to record or track communications with Servbank, Allied First, Dan Kalinowski, Justin Wick, or any number Plaintiff contends was associated with those persons or entities, including any contact labeled or functioning as a DNC log.

**Request No. 4**

Produce the complete contact entry or contact card, whether maintained in Google Contacts, device contacts, iCloud, or any other contact-management system, and all associated notes, memo fields, labels, and edit history for any contact associated with the following numbers:

- 775██████
- 520██████
- 206██████

- 24█████████
- 240████████

**Request No. 5**

Produce all screenshots, exports, images, or other records of call logs and text-message threads reflecting the communications Plaintiff contends are listed in Exhibit 1, including without limitation communications dated February 1, 2022, August 31, 2022, June 8–12, 2023, and July 18–29, 2023, and all materials underlying Exhibit 14.

**Request No. 6**

Produce all documents reflecting Plaintiff's contention that an additional February 1, 2022 call and an additional February 1, 2022 text were not recovered or were only partially recovered after phone damage, including any recovery attempts, backup files, iCloud backups, Google Drive backups, device-cloud backups, data migration records, restoration efforts, repair records, repair-shop communications, photos of the damaged device, insurance records, replacement records, or device-transfer records.

**Request No. 7**

Produce all documents sufficient to identify each phone/device Plaintiff used during the Relevant Period for the Number at Issue, including purchase records, Amazon purchase history, manufacturer emails, warranty records, trade-in records, return records, replacement records, whether Plaintiff still possesses any such device, including the water-damaged phone referenced at deposition, and documents sufficient to identify which of those devices was associated with 202-████████ and/or 202-████████

**Request No. 8**

Produce all documents reflecting Plaintiff's efforts to obtain records from Mint Mobile, Verizon, or any other carrier concerning the Number at Issue, including emails, chats, support requests, portal messages, screenshots, call notes, confirmations, denials, and any account-identifying information sufficient to locate the relevant carrier account.

**Request No. 9**

Produce all documents sufficient to show that the Number at Issue was assigned to, used by, maintained by, or paid for by Plaintiff during the Relevant Period, including Mint Mobile account records in Plaintiff's possession, bank statements, credit-card statements, debit-card records, Best Buy receipts, prepaid card purchases, Mint confirmations, account portal screenshots, activation confirmations, emails reflecting plan renewal, text messages from the carrier, or account history.

**Request No. 10**

Produce all documents supporting Plaintiff's contention that the following numbers were associated with Allied First, including but not limited to documents, screenshots, contact entries, internet searches, reverse lookups, emails, text messages, notes, logs, and non-privileged communications with experts on which Plaintiff relies:

- 775█████████
- 520-███████
- 206-███████
- 240████████
- 240████████

**Request No. 11**

Produce all native emails, with complete headers and attachments, sent or received by Plaintiff through ████████████████████████████████████████ any other email account used by Plaintiff during the Relevant Period, that concern the Number at Issue, Allied First, Servbank, mortgages, refinance solicitations, ██████████ or alleged do-not-call requests.

**Request No. 12**

Produce all documents supporting Plaintiff's contention that the Number at Issue was registered on the National Do Not Call Registry, including all unredacted confirmations, screenshots, recordings, verification pages, underlying emails, and all documents sufficient to identify whether 202-█████████ and/or 202-█████████ was or were registered on the National Do Not Call Registry, including the date(s) of registration.

**Request No. 13**

Produce all documents supporting Plaintiff's testimony that the ████████████████████ address was used exclusively for telemarketers calling the 202 number asking for █████████ including all sent and received emails from that account during the Relevant Period relating to mortgages, refinance solicitations, ████████████ Allied First, or Servbank, and all account-creation records for that email account in Plaintiff's possession or control.

**Request No. 14**

Produce all documents that Plaintiff contends show that Allied First or Servbank received, processed, or failed to honor Plaintiff's alleged do-not-call requests, including all documents relating to the June 10, 2023 call and the June 12, 2023 follow-up contacts Plaintiff attributes to Justin Wick and any other alleged do-not-call request Plaintiff contends was made to Allied First, Servbank, or any person acting on their behalf.

4

**Request No. 15**

Produce all non-privileged documents, ESI, data, spreadsheets, screenshots, notes, contact entries, call logs, text logs, exports, emails, communications, and other materials provided to, received from, or generated by Aaron Woolfson in connection with his expert report in this action, including all materials that identify or discuss 202-████████ 202-████████ Exhibit 1, Exhibit 13, Exhibit 14, or the alleged calling numbers at issue.

**Request No. 16**

Produce all documents and ESI reflecting, stating, or supporting Plaintiff's contention as to whether 202-████████ 202-████████ or both were assigned to, used by, maintained by, or associated with Plaintiff at any time during the Relevant Period, including drafts of interrogatory responses, declarations, chronologies, and notes concerning that issue.

**Request No. 17**

Produce all device backups, cloud backups, exports, sync records, or restoration records in Plaintiff's possession, custody, or control relating to any device, account, or data source associated with 202-████████ or 202-████████ during the Relevant Period, including iCloud, Google, Gmail, Google Contacts, Google Takeout, Android, or any other repository containing call logs, text messages, contacts, notes, screenshots, or images.

**Request No. 18**

Produce all non-privileged communications with experts, carriers, device manufacturers, repair providers, insurers, or any third party concerning missing, lost, damaged, reconstructed, restored, or partially recovered call logs, text messages, screenshots, or device data relating to the Number at Issue.

**Request No. 19**

Produce all documents and ESI reflecting any reverse lookup, internet search, caller-identification search, contact-lookup search, spam-report search, or other investigation Plaintiff performed or relied upon to attribute any phone number to Allied First, Servbank, Dan Kalinowski, Justin Wick, or any alleged agent thereof.

**Request No. 20**

Produce all versions, drafts, revisions, exports, and compilations of any call log, text log, DNC log, chart, table, spreadsheet, chronology, or summary created by Plaintiff during or after the Relevant Period that purports to identify, reconstruct, summarize, or attribute the calls or texts at issue in this action, whether or not incorporated into Exhibit 1.

Dated: Lake Success, New York
        April 20, 2026

5

**MILMAN LABUDA LAW GROUP PLLC**

/s/ Joseph M. Labuda
Joseph M. Labuda
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
joe@mllaborlaw.com

*Counsel for Defendant Servbank NA*

To:     **PERRONG LAW, LLC.**
Andrew Roman Perrong, Esq.
2657 Mt. Carmel Avenue
Glenside, PA 19038
(215) 225-5529
a@perronglaw.com

*Counsel for Plaintiffs*

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I served the within Defendant Servbank SB f/k/a Allied First Bank's Post-Deposition and Expert Supplemental Request For Production of Documents to Plaintiff Asher Bronstin via email to the following:

**PERRONG LAW, LLC.**
Andrew Roman Perrong, Esq.
2657 Mt. Carmel Avenue
Glenside, PA 19038
(215) 225-5529
a@perronglaw.com
*Counsel for Plaintiffs*

By:/s/ Colleen O'Neil
　　Colleen O'Neil