**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | **1:25-cv-06182** |
| v. | : : : | |
| SERVBANK SB (FORMERLY ALLIED FIRST BANK) | : : : | |
| Defendant. | : : : | |
| _____ / | | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING
DEFENDANT'S NOTICE OF DEPOSITION OF AARON WOOLFSON**

Plaintiff Asher Bronstin, by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(c) for a protective order precluding the deposition of his retained expert, Aaron Woolfson, as noticed by Defendant Servbank SB f/k/a Allied First Bank for May 4, 2026, which such notice of deposition is attached herein as Exhibit A. In support, Plaintiff states as follows.

**BRIEF IN SUPPORT OF MOTION**

**INTRODUCTION**

At 11:21 p.m. Eastern Time on Sunday, April 26, 2026, Defendant served a "Notice of Deposition of Plaintiff's Expert Witness Aaron Woolfson," unilaterally scheduling Mr. Woolfson's deposition for May 4, 2026, in person in Chicago. Ex. A. The notice is defective for at least three independent reasons, each sufficient on its own to warrant a protective order.

*First*, the May 4, 2026 date is three days *outside* the operative case management plan, which provides that initial experts "shall be … deposed by 5/1/26." ECF No. 13. *Second*, the notice provides only eight calendar days of advance notice, including a weekend, for the

1

deposition of a California-based expert. That is not the "reasonable written notice" Rule 30(b)(1) requires, particularly where defense counsel made no effort to confer about Mr. Woolfson's availability before issuing the notice. *Third*, Defendant issued the notice forty days after Defendant received Mr. Woolfson's expert report on March 17, 2026, which fell *before* the Court's March 24 disclosure deadline and despite the Court's admonitions to complete expert depositions "expeditiously" and despite its judgement that the current schedule provides "more than enough time to complete discovery even if those expected complications arise."

Defendant's literal eleventh-hour deposition notice of Plaintiff's expert simply continues to reflect the same lack of diligence Plaintiff has already detailed in opposing Defendant's pending motion to extend, and the same lack of diligence this Court has already declined to reward in another matter involving this Defendant when the scope of the discovery extension was far more narrow. Indeed, the notice itself effectively concedes the defect, expressly and unilaterally reserving the right to "adjourn" the deposition if the Plaintiff produces responses to "expert supplemental requests" that were improperly noticed and which Plaintiff is under no obligation to respond to.

The operative schedule controls. The Court should issue a protective order under Rule 26(c) precluding the May 4, 2026 deposition as noticed.

## RELEVANT BACKGROUND

On August 6, 2025, the Court entered its initial Scheduling Order, in which the Court directed that "[t]here will be no extensions absent good cause under Fed. R. Civ. P. 16(b)(4), which requires diligence on the movant's part." ECF No. 13. The parties subsequently sought, and were granted, a single agreed extension for the discovery deadlines, *only*. ECF No. 27. Thus, under the operative case management plan, "initial experts shall be disclosed by 3/24/26 and deposed by 5/1/26." ECF No. 13.

On March 17, 2026, within the deadline set by the Court, Plaintiff served the report of his retained expert, Aaron Woolfson. The report has been in Defendant's possession for forty days as of the filing of this motion. Mr. Woolfson is based in California. Despite having Mr. Woolfson's report in hand since March 17, Defendant did not even *request* an expert deposition date *at all*. Instead, on April 20, 2026, Defendant filed a Motion for Limited Extension of Discovery Deadline (ECF No. 36), seeking, among other things, additional time to depose Mr. Woolfson on a "complete record." Plaintiff opposed that motion on April 23, 2026 (ECF No. 41). The motion is fully briefed and pending.

Then, at 11:21 p.m. Eastern Time on Sunday, April 26, 2026, Defendant *unilaterally* served the "Notice of Deposition of Plaintiff's Expert Witness Aaron Woolfson" attached as Exhibit A. The notice unilaterally schedules Mr. Woolfson's deposition for May 4, 2026 at 10:00 a.m., at the offices of Nelson Mullins, in person in Chicago. Defendant did not propose dates, did not confer about Mr. Woolfson's availability, and did not seek any agreement from Plaintiff's counsel before issuing the notice.

The notice itself is defective on its face. In its closing paragraph, Defendant writes that the deposition is noticed under "the current scheduling order."  That is an impossibility. The current scheduling order in this case required initial experts to be deposed by May 1, 2026, and Defendant did not undertake to seek Mr. Woolfson's availability to do so until the eleventh hour, and when it unilaterally noticed the deposition, it did so on May 4, 2026, after the cutoff for doing so.  As such, it is defective on fact and is exceedingly presumptuous insofar as it premises the deposition  on the granting of a contested motion that has not been ruled on.

## ARGUMENT

Federal Rule of Civil Procedure 26(c)(1) authorizes the Court, on motion and for good cause, to issue an order to protect a party from "annoyance, embarrassment, oppression, or undue

burden or expense," including an order "specifying terms, including time and place … for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). The party seeking the protective order must show "good cause" for the relief sought. *Nowaczyk v. Matingas*, 146 F.R.D. 169, 176 (N.D. Ill. 1993). Each of three independent grounds, set forth below, supplies that good cause here.

### A.      *The May 4, 2026 Deposition Date Is Outside the Operative Case Management Plan.*

The operative case management plan provides that initial experts "shall be … deposed by 5/1/26." ECF No. 13. The notice schedules Mr. Woolfson's deposition for May 4, 2026, three days *after* that deadline. The deposition is therefore facially out of compliance with the controlling order. Defendant cannot, by self-help, expand a deadline the Court has set, particularly given the Court's express directive in this case that "[t]here will be no extensions absent good cause." ECF No. 13.

The pending motion to extend (ECF No. 36) does not change the analysis. A pending, contested motion does not authorize a party to act as though that motion has already been granted. Until the Court rules otherwise, the May 1, 2026 expert deposition deadline controls, and the deposition quashed for facial noncompliance with the Court's orders.

### B.      *The Notice Does Not Provide "Reasonable Written Notice" Under Rule 30(b)(1).*

Rule 30(b)(1) requires that "[a] party who wants to depose a person by oral questions must give *reasonable written notice* to every other party." Fed. R. Civ. P. 30(b)(1) (emphasis added). What is reasonable depends on the circumstances, including the location of the witness, the witness's schedule, and the time required for counsel to prepare. *See Nieman v. Grange Mut. Ins. Co.*, 2012 WL 5471949, *2 (C.D. Ill. 2012). Generally speaking, a week's notice, particularly when travel is involved, is unreasonable, *e.g.*, *Williams v. Mitchell*, No. 3:03-CV-842-WDS, 2005 WL 3533550, at *1 (S.D. Ill. Dec. 21, 2005); *Evans v. Griffin*, 932 F.3d 1043, 1047 (7th Cir. 2019) (five days, including mailing time, was unreasonable), while two to four

weeks' notice is reasonable. *E.g.*, *Larry v. Goldsmith*, No. 16-CV-1108-PP, 2018 WL 4473351, at *2 (E.D. Wis. Sept. 18, 2018) (fourteen days was reasonable); *Stoces v. Obasi*, No. 3:15-CV-00277-DGW, 2018 WL 264113, at *2 (S.D. Ill. Jan. 2, 2018) (thirty days' notice, later rescheduled for fourteen, was reasonable); *Thornton v. Baldwin*, No. 20-CV-0518-SPM, 2022 WL 11736535, at *2 (S.D. Ill. Oct. 20, 2022) (three weeks' constructive notice, but one weeks' actual notice, was reasonable under the circumstances).

A notice served at 11:21 p.m. on a Sunday, scheduling the deposition of a California-based expert witness with existing personal and professional obligations for eight calendar days later, spanning a weekend, is not reasonable on this record. Mr. Woolfson is a retained expert based in California, with professional and personal commitments that cannot be rearranged on a few days' notice. The proper preparation of an expert witness, as opposed to a fact witness needing to be deposed about a few points, is not work that can responsibly be done in a handful of business days. Most concerningly, Defendant's counsel made no effort for over a month to coordinate with the witness or with Plaintiff's counsel before serving the notice. Counsel simply selected an impermissible date a week out and demanded the witness appear. That is not reasonable notice under any sensible reading of Rule 30(b)(1).

Critically, this is not a case in which Defendant lacked the ability to schedule the deposition earlier. Defendant has had Mr. Woolfson's expert report, and his identity, qualifications, and contact information, since March 17, 2026. The Court presumed that a time frame of a little over a month, from March 24 to May 1, was sufficient to allow for depositions to take place. During those forty days, Defendant could have requested deposition dates at any time, conferred about location, or sought any appropriate stipulation for the parties' mutual convenience. It chose to do none of those things. Instead, it sat on the report, then issued a

unilateral, last minute notice on a Sunday night that fixes a date that was already factually impermissible. Rule 30(b)(1) does not require Plaintiff or his expert to absorb the consequences of that delay.

**C.** *The Notice Reflects the Same Lack of Diligence Already Before this Court.*

Finally, the aforementioned lack of diligence reflected in the notice is not new. It is part of the same pattern detailed in Plaintiff's pending opposition to Defendant's motion to extend. It is also similar to, but far greater than, the lack of diligence that this Court already considered in denying a different plaintiff's request for an extension to serve a single subpoena in litigation involving the same Defendant. As Plaintiff has explained at length in his opposition to Defendant's extension motion, Defendant has had ample time and opportunity to conduct discovery within the existing schedule. Its failure to do so cannot establish good cause for any of the relief Defendant seeks and certainly cannot establish good cause to require Plaintiff's expert to appear, on eight days' notice, on a date already outside the controlling case management plan.

This Court has already addressed precisely this dynamic in *Katz v. Allied First Bank, SB*, No. 1:22-cv-05277 (N.D. Ill.).[1] There, the same Defendant successfully argued, in opposing a more modest[2] extension request from Plaintiff's counsel here, that a party's lack of diligence in pursuing discovery "cannot be rewarded," and that allowing additional, late-noticed discovery would "unjustifiably require additional time and expense." This Court agreed and denied the motion. Defendant cannot prevail on those arguments in one matter, against this same counsel, and then turn around and ignore them in this one. In short, a notice that violates the operative

---

[1] Despite the Court's denial of the plaintiff's motion in *Katz*, the parties were able to work around and in the confines of the discovery limitations imposed by the Court, including fully briefing Defendant's motion for summary judgment, which the Court denied. The plaintiff and Defendant in *Katz* are now preparing for a jury trial before Judge Gettleman.

[2] The request in *Katz* involved the issuance of a single, targeted third-party subpoena.

case management plan, fails Rule 30(b)(1), and reflects forty days of unexplained inaction is not a notice on which Plaintiff's expert can be required to appear.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a protective order under Rule 26(c) precluding the deposition of Aaron Woolfson as noticed for May 4, 2026, and granting such other and further relief as the Court deems just.

Date: April 27, 2026

PLAINTIFF, individually and
on behalf of others similarly situated,

By: /s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com

## LOCAL RULE 37.2 CERTIFICATION

Pursuant to Local Rule 37.2, the undersigned certifies that, on April 27, 2026, counsel for Plaintiff, Andrew Perrong, conferred in good faith with counsel for Defendant Colleen O'Neil, by telephone regarding the issues raised herein. Despite those good faith efforts, the parties were unable to reach an accord on the issues raised in this motion, which Defendant characterized as an issue of professional courtesy and excusable neglect because Defendant (who is represented by at least four attorneys of record from two different law firms) recently had a new attorney (Ms. O'Neil) appear on the case that needed to get up to speed.

/s/ Andrew R. Perrong
Andrew R. Perrong

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I caused the foregoing to be filed via the Court's

CM/ECF system, which will cause a copy to be served upon all counsel of record.


/s/ Anthony I. Paronich
Anthony I. Paronich