# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | **1:25-cv-06182** |
| v. | : : | |
| SERVBANK SB (FORMERLY ALLIED FIRST BANK) | : : : | |
| Defendant. | : : | |
| _____ / | | |

## RESPONSES TO DEFENDANT SERVBANK SB's
## FIRST SET OF DISCOVERY TO PLAINTIFF

Plaintiff, by and through undersigned counsel, submits the following omnibus responses and objections to Defendant SERVBANK SB's Requests for Production and Interrogatories pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, attorney–client privilege, the attorney work-product doctrine, and expert privileges. Plaintiff further reserves the right to supplement, modify, or amend these responses as discovery proceeds and additional facts are developed.

**Interrogatory 1:** Provide the names, address, and phone numbers of person known to you to have knowledge of any facts alleged in your Complaint, and, for each person identified, set forth a summary of the relevant facts known to or observed by each person.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. Plaintiff objects in that this interrogatory seeks information more known to, or only known by, the Plaintiff than the Defendant. Plaintiff objects insofar as this information seeks information in the Plaintiff's initial disclosures. Notwithstanding the foregoing, the Plaintiff incorporates by reference herein his initial disclosures. Plaintiff reserves the right to amend his responses as additional persons or entities are ascertained.

**Interrogatory 2:** Identify by email address and provider, any email accounts, both work and personal, you have used to send or receive communications.

1

weapons pulled on them. Plaintiff reserves the right to further answer, or assert further objections, if and when warranted.

**Interrogatory 4:** Identify your occupations or jobs (full and/or part-time), including employers' names and addresses, job titles, and beginning and ending dates.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications and documents, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this interrogatory as unlimited in time and scope, and as seeking the entirety of the Plaintiff's employment history. A lifetime's worth of employment history has no apparent bearing on the claims or defenses in this case, which concern a limited set of unsolicited telemarketing calls placed to a specific telephone number within a defined time period. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The request appears designed not to elicit discoverable facts but rather to harass, intimidate, or chill Plaintiff's willingness to pursue his claims and pursuit of relief. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as all of the Plaintiff's employment history is irrelevant to the calls the Plaintiff received. Moreover, as it seeks vast quantities of irrelevant information, it is vague and confusing.

**Interrogatory 5:** Identify by phone number and provider any landline, cell phone, or VoIP used by you to send or receive communications and whether such landline, cell phone, or VoIP number or provider account was registered in your name or in the name of another person.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than telephone numbers directly relating to the calls and/or text messages to Plaintiff's telephone numbers at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney–client communications, attorney work product, and trial-preparation materials. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. Plaintiff further objects that the request is overbroad, unduly burdensome, and invades privacy by seeking complete personal telephone numbers and account information unrelated to the claims or defenses, which such claims and defenses center around a single of the Plaintiff's telephone numbers. Plaintiff objects insofar as this request seeks information contained in the Plaintiff's initial disclosures. Notwithstanding the foregoing, and designating the foregoing as confidential, the following is the telephone number at issue in this case:

- REDACTED 4803. The provider for this telephone number was Mint Mobile and Verizon Wireless. The account is in the Plaintiff's name.

**Interrogatory 6:** Identify any phone number you have placed on the National Do Not Call Registry and when you placed the number on the Registry.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than telephone numbers directly relating to the calls and/or text messages to Plaintiff's telephone numbers at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney–client communications, attorney work product, and trial-preparation materials. Plaintiff objects to this Interrogatory, as it is not a single request, but a series of requests in violation of Federal Rule of Civil Procedure 33, which requires interrogatories to be limited to a single question each. It is therefore compound. Plaintiff further objects that the request is overbroad, unduly burdensome, and invades privacy by seeking complete personal telephone numbers and account information unrelated to the claims or defenses, which such claims and defenses center around a single of the Plaintiff's telephone numbers. Plaintiff objects insofar as this request seeks information contained in the Plaintiff's initial disclosures. Notwithstanding the foregoing, the telephone number at issue in this case was placed on the Do Not Call Registry on November 4, 2021.

**Interrogatory 7:** Identify your home internet service providers and IP addresses.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client materials, work-product materials, and related materials, such as trial preparation materials. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Defendant has not yet produced any evidence of consent or otherwise for why Plaintiff's internet providers or IP addresses would be relevant. To date, Defendant has produced no evidence of consent, and certainly none relying on a web visit from a certain internet service provider or IP address. Plaintiff further objects to this Interrogatory as vague and confusing, including because it is technically unsound. The Interrogatory is not clear as to whether it seeks information as to public or private IP addresses. The Interrogatory further does not qualify whether it seeks static IP addresses, dynamic IP addresses, or both, particularly given the somewhat ethereal nature of dynamic IP addresses. Furthermore, "devices" do not have IP addresses; connections do. Any other IP addresses the Plaintiff may have used are irrelevant to the specific alleged consent, which has not yet even been adduced. The Plaintiff objects to this request in that it requires the disclosure of attorney-client materials, work-product materials, and related materials, such as trial preparation materials. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's IP addresses are irrelevant to the issue of consent. The Plaintiff further objects in that this interrogatory may be