**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

ASHER BRONSTIN, on behalf of himself
and others similarly situated,

      Plaintiff,

v.

SERVBANK SB (FORMERLY ALLIED
FIRST BANK)

      Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
/

CIVIL ACTION FILE NO.

**1:25-cv-06182**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
"NOTICE PROVIDING RECORD MATERIAL FOR CLARIFICATION PURPOSES"
(ECF NO. 45)**

On the morning of April 29, 2026, the Court held oral argument on Defendant's pending

Motion for Limited Extension of Discovery Deadline (ECF No. 36) and Plaintiff's Motion for

Protective Order (ECF No. 42) and took the matters under advisement. Hours later, without leave

of Court and without Plaintiff's consent, and without the meet and confer required by Local Rule

37.2, Defendant filed a five exhibit "Notice Providing Record Material for Clarification

Purposes" (ECF No. 45). The filing is, in substance, an unauthorized sur reply, served after

argument had concluded and the matter had been submitted. It should be disregarded on that

basis alone. The motions were fully briefed, Defendant had ample opportunity to seek to amend

or clarify *before* the hearing, and Defendant had argument. The Federal Rules and this Court's

procedures do not permit a party to file additional substantive briefing, with a fresh evidentiary

record, after the Court has taken a matter under advisement, simply because the party would

prefer the Court consider further argument.

1

If, however, the Court is inclined to consider ECF No. 45 on its merits, it should still deny Defendant's extension motion. The "clarification" Defendant offers identifies nothing new and confirms only that Defendant's motion rests on issues that have been in the record from the outset of this case.

**A.** **The Notice Identifies Nothing That Was Not Already Before the Court.**

Defendant's Exhibits A through D simply repeat what the parties (and the Court) already knew at the time Defendant took Plaintiff's deposition. The number at issue (ending in -4803) is set out in Plaintiff's discovery responses (Ex. A), Plaintiff's expert's declaration (Ex. B), and Plaintiff's National DNC confirmation (Ex. C). Each of those documents has been in Defendant's possession for weeks or months. To the extent the deposition transcript (Ex. D) reflects an apparent typographical inversion ("-**4083**" vs. "-**4803**"), that is a feature of a (draft) transcript created by a court reporter, not a substantive factual dispute and not a basis for additional discovery. The transcript has yet to be verified and corrected. The documentary record has uniformly identified the same number ending in -4803 since well before the deposition. Nothing about that record "arose" from the deposition or requires further investigation.

Plaintiff's references to a "Telephone Solicitations Report" at his deposition fares no better. Plaintiff produced the Telephone Solicitations Report ("TS Report") in response to Defendant's First Set of Discovery, months before the deposition. At the deposition, Defendant asked Plaintiff how he created it, and Plaintiff testified, in substance, that it is a contemporaneous log, his own running notes of the calls and texts at issue, populated as the calls came through and assembled into spreadsheet form. This is Plaintiff's own naming convention. The document is not some "report" in the official sense of that term, and there is no separate, undisclosed "source file" feeding into it. The "source materials" underlying contemporaneous notes *are the calls and*

*text messages themselves*, which Plaintiff has produced, to the extent they exist in his possession, care, custody, and control. As Defendant well knows, more comprehensive third-party records were obtained by subpoena, and Plaintiff testified he no longer fully possesses certain call records, including because one of his phones was destroyed by water damage. Plaintiff cannot produce documents that no longer exist, and Defendant's repackaging of that testimony as a "new" evidence on which it desires to take discovery does not justify the relief it seeks.

## B. The Notice Confirms, Rather Than Cures, Defendant's Lack of Diligence.

Each "clarification" exhibit (save for the deposition transcript itself) is something Defendant had in hand long before the fact discovery cutoff or the Plaintiff's deposition. Plaintiff's discovery responses, the "TS Report" itself (which Defendant omits), the expert declaration served on March 17, 2026, the DNC confirmation were all available to Defendant at Plaintiff's deposition. If Defendant believed any of Plaintiff's discovery materials raised genuine "new questions," it could have asked about them at the deposition, served targeted follow-up discovery as late as March or early April, noticed Plaintiff's expert with appropriate notice in March or April, or raised the issue with Counsel or the Court. It did none of those things. As Plaintiff has previously detailed, Defendant did nothing for a full month following the deposition and then, on the day it filed its extension motion, served twenty sweeping new document requests with a return date *after* the discovery cutoff. It then noticed Plaintiff's expert for deposition in Chicago on a weeks' notice, which it then amended to notice this Friday. The Notice now reinforces what was already apparent at argument. This is not a diligence problem caused by deposition revelations. It is a strategic choice not to work within the existing schedule.

The asymmetry between Defendant's position here and the position Defendant successfully advanced in *Katz* only sharpens the point. There, Plaintiff's counsel sought a narrow

extension to subpoena a third-party lead generator (Diamond Select) whose existence and role he learned of *for the first time* at the deposition of Defendant's former employee. Allied First opposed, urging that diligence cannot be rewarded where the movant could have pursued the discovery earlier, and that any further discovery would unjustifiably require additional time and expense. Magistrate Judge Valdez agreed, denied the motion, and held that even good faith does not overcome a failure to satisfy the diligence requirement.

Defendant's Notice now confirms that its request cannot satisfy even the standard Defendant itself persuaded this Court to apply in *Katz*. Every exhibit Defendant attaches is a document it has had in its possession for weeks or months. Defendant does not identify a single fact first disclosed at the deposition that it could not have addressed within the existing schedule. If learning of an entirely new third party involved in the calling conduct at issue for the first time at deposition was insufficient diligence in *Katz*, then revisiting materials Defendant has long held cannot suffice here. Defendant cannot prevail on the diligence argument in *Katz* and then ask this Court to ignore that argument now, and certainly not under the circumstances here.

## <u>CONCLUSION</u>

Defendant has now had its motion, oral argument, and an impermissible supplemental filing styled as a "notice." At each turn, the asserted basis for an extension has remained the same and has remained insufficient. For the reasons set forth in Plaintiff's Opposition and at oral argument, Plaintiff respectfully requests that the Court decline to consider Defendant's unauthorized submission, and deny Defendant's Motion.

Date: April 29, 2026

PLAINTIFF, individually and
on behalf of others similarly situated,

5

By:   /s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2026, I caused the foregoing to be filed via the Court's

CM/ECF system, which will cause a copy to be served upon all counsel of record.

/s/ Anthony I. Paronich
Anthony I. Paronich

5