**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**


Asher Bronstin

          Plaintiff,

v.                                Case No.: 1:25−cv−06182

                                Honorable Sharon Johnson Coleman

Servbank SB

          Defendant.


**NOTIFICATION OF DOCKET ENTRY**



This docket entry was made by the Clerk on Wednesday, April 29, 2026:


      MINUTE entry before the Honorable Maria Valdez: Motion hearing held on 4/29/26. Defendant's Motion for Limited Extension of Discovery Deadline [36] is denied. It is well settled that in evaluating whether a movant has established good cause for an extension under Fed. R. Civ. P. 16(b)(4), the "'primary consideration'" is the movant's diligence in seeking the amendment. See Sumrall v. LeSea, 104 F.4th 622, 630 (7th Cir. 2024) ("When a party presents an 'insufficiently robust explanation of why [it] was diligent,' there is no good cause.") (quoting Alioto v. Town of Lisbon, 651 F.3d 715, 719 (7th Cir. 2011). Defendant's motion fails to establish diligence at two stages: (1) it does not detail what information gleaned from the March deposition or expert report was truly new, i.e., prior to that date it was not and could not have been known to Defendant through ordinary diligence; and (2) despite a conclusory statement that it "is acting promptly," Defendant fails to explain the month−long delay between learning of the alleged need for new discovery and the filing of the extension. Plaintiff's Notice Providing Record Material for Clarification Purposes [45], styled as a motion and filed after the hearing without leave, is stricken. The submission would not in any event change the Court's ruling on the motion for an extension. Plaintiff's Motion for Protective Order Regarding Defendant's Notice of Deposition of Aaron Woolfson [42] is denied as moot. Although the issue was not raised at the 1/21/26 motion hearing in which the fact discovery deadline was extended to 5/4/26, the usual assumption is that any expert deadlines are correspondingly extended along with the fact discovery deadline. At oral argument, it seemed apparent that the parties did not share that assumption. The Court therefore now clarifies that the expert schedule is as follows: initial experts to be disclosed by 5/26/26 and deposed by 7/3/26; and rebuttal experts shall be disclosed by 8/4/26 and deposed by 9/3/26. A further joint status report shall be filed no later than 6/30/26. If the parties wish to begin the process of scheduling a settlement conference at any time prior to that date, they should notify the Court. Mailed notice. (kp, )


**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.