**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and others similarly situated, | : | Case No. 1:25-cv-06182 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SERVBANK SB F/K/A ALLIED FIRST BANK | : | Hon. Sharon Johnson Coleman |
| | : | |
| Defendant. | : | |

**JOINT STATUS REPORT REGARDING**
**DISCOVERY PROGRESS AND CASE MANAGEMENT**

Pursuant to the Court's April 29, 2026 Minute entry, the parties submit the following joint report re discovery progress and case management.

Plaintiff's Discovery and Case Management Status Report

Fact discovery in this matter has closed. The parties are currently finalizing expert discovery, and the Plaintiff's expert was deposed earlier this June. Defendant's rebuttal expert is due to be disclosed by August 4 and deposed by September 3. Plaintiff anticipates he will be able to meet these deadlines for deposing whomever Defendant designates.

Moreover, Plaintiff wishes to clarify the supplemental report submitted and used in his Motion for Class Certification. The Plaintiff served his initial expert report on March 17, 2026. That expert analysis and the supplemental analysis are identical; the only material difference is that the supplemental analysis is limited to calls placed between July 1, 2022 and August 31, 2022. As a practical matter, this means that Defendant's expert will be required to conduct less analysis and work, not more. Notwithstanding that position, Plaintiff does not object to a brief supplemental deposition of Mr. Woolfson, should Defendant find it necessary, to address the

narrowing of the analysis brought about by the supplemental expert report. Moreover, the Plaintiff understands that Mr. Woolfson is prepared to respond to Defendant's supplemental subpoena by the July 7 date.

As a result, the Plaintiff does not believe that an extension of the applicable deadlines is warranted. Therefore, Plaintiff proposes the following schedule:

1. Production responsive to Defendant's supplemental subpoena to Aaron Woolfson: July 7, 2026, or as soon thereafter as any subpoena-related issues are resolved;

2. Defendant's supplemental legacy-record production: rolling production to begin within the next few days, with substantial completion by July 10, 2026;

3. Defendant's rebuttal expert reports: August 4, 2026;

4. Defendant's opposition to Plaintiff's Motion for Class Certification: July 14, 2026;

5. Depositions of Defendant's rebuttal experts, if Plaintiff seeks them: to be completed by September 3, 2026; and

6. Plaintiff's reply in further support of class certification: July 28, 2026.

Plaintiff believes that the parties would be better served mediating after the Court has rendered its decision on the Motion for Class Certification, which would inform the scope of any possible settlement.

<u>Defendant's Discovery and Case Management Status Report</u>

Defendant respectfully submits that recent developments materially affect the appropriate schedule for briefing Plaintiff's Motion for Class Certification (ECF No. 53), and that Plaintiff's proposed schedule would require class-certification briefing to be completed before Defendant's rebuttal expert reports are served and before any rebuttal expert depositions occur.

Plaintiff filed his Motion for Class Certification on June 23, 2026. That same day, Plaintiff's expert, Aaron Woolfson, served a supplemental expert report. Defendant had deposed

2

Mr. Woolfson on June 12, 2026, based on the opinions and class analysis previously disclosed in his March 17, 2026 report.

Defendant acknowledges Plaintiff's position that the June 23 supplemental report applies the same stated methodology used in Aaron Woolfson's March 17 report. That does not resolve the scheduling issue. The supplemental report materially narrows the putative class universe and class period on which Plaintiff now relies. Plaintiff's original expert report identified 12,007,697 calls to 1,216,748 unique telephone numbers between November 30, 2021 and October 27, 2023. The supplemental report applies the same stated criteria to a two-month period, July 1, 2022 through August 31, 2022, and identifies 985,670 calls to 198,196 unique telephone numbers.

Plaintiff characterized this narrowing as requiring less expert work from Defendant. Defendant respectfully disagrees. Defendant's rebuttal experts had been analyzing the class universe disclosed in Plaintiff's March 17 report. Because Plaintiff now seeks certification based on a materially different and substantially narrower universe, Defendant's experts must evaluate the operative proposed class—not a superseded class universe Plaintiff no longer advances. Defendant does not waive, and expressly reserves, any objection to the propriety, timeliness, or scope of Plaintiff's June 23 supplemental report.

On June 27, 2026, Defendant served a targeted supplemental subpoena duces tecum directed to Aaron Woolfson and the materials underlying his supplemental report, with an expedited return date of July 7, 2026. Defendant appreciates Plaintiff's representation that Mr. Woolfson is prepared to respond by that date. Defendant's rebuttal experts cannot reasonably complete their analysis until those materials are produced and reviewed. Nor would a brief supplemental deposition of Aaron Woolfson, standing alone, cure the prejudice created by

requiring Defendant to oppose class certification before its rebuttal experts have had a fair opportunity to analyze the operative class universe.

Separately, after the close of fact discovery, Defendant obtained access to certain legacy Allied First records relevant to this case that Defendant previously understood to be unavailable. Defendant promptly advised Plaintiff's counsel and has been working with Plaintiff's counsel to develop appropriate ESI search terms, run those searches, review the resulting documents, and produce responsive, non-privileged materials. Defendant anticipates beginning a rolling production within the next few days and completing that production by the end of next week, subject to any unforeseen technical or privilege-review issues.

These materials may bear directly on issues implicated by class certification, including vendor relationships, lead sources, call attribution, transfers, and the reliability and scope of Plaintiff's proposed class methodology. Defendant seeks a schedule that allows the forthcoming production and the supplemental expert-record issues to be addressed in an orderly manner before class certification is briefed and decided.

Plaintiff's proposed schedule would not accomplish that. Under Plaintiff's proposal, Defendant's opposition to class certification would remain due July 14, 2026, Plaintiff's reply would be due by July 28, 2026, Defendants' rebuttal experts would be due August 4, 2026, and Defendant's rebuttal experts would be deposed, if at all, by September 3, 2026. That would require the class certification motion to be fully briefed before Defendant rebuttal expert reports have had a fair opportunity to analyze the operative class universe and before their reports are due. Defendant respectfully submits that this sequence is inefficient and risks requiring supplemental briefing, motion practice, or both.

4

Accordingly, Defendant respectfully requests that the Court adjourn the current July 14, 2026 deadline for Defendant's opposition to Plaintiff's Motion for Class Certification and extend the August 4, 2026 deadline for Defendant's rebuttal expert reports. Defendant proposes the following schedule, or such other schedule as the Court deems appropriate:

1. Production responsive to Defendant's supplemental subpoena to Aaron Woolfson: July 7, 2026, or as soon thereafter as any subpoena-related issues are resolved;

2. Defendant's supplemental legacy-record production: rolling production to begin within the next few days, with substantial completion by July 10, 2026;

3. Defendant's rebuttal expert reports: August 28, 2026;

4. Defendant's opposition to Plaintiff's Motion for Class Certification: September 18, 2026;

5. Depositions of Defendant's rebuttal experts, if Plaintiff seeks them: to be completed by October 2, 2026; and

6. Plaintiff's reply in further support of class certification: October 23, 2026.

Defendant submits that this schedule is reasonable and efficient. It avoids piecemeal class-certification briefing, permits Defendant's experts to address Plaintiff's supplemental expert report and the forthcoming production, and ensures that any class-certification ruling is made on a complete and reliable record.

Settlement Update

Defendant is willing to discuss resolution, including through a settlement conference or mediation if appropriate. Defendant respectfully submits, however, that meaningful settlement discussions would benefit from completion of the supplemental production and expert work described above, because those materials bear directly on class scope, liability, and potential exposure.

Dated: June 29, 2026
Lake Success, New York

Respectfully submitted,

*Colleen O'Neil*
Colleen O'Neil
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
516-328-8899
Colleen@mlllaborlaw.com

*Counsel for Defendant Servbank, N.A.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 29, 2026, I electronically served the foregoing on counsel for the parties through the Court's CM/ECF system.

*Colleen O'Neil*
Colleen O'Neil