**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | JUDGE COLEMAN |
| | : | MAGISTRATE JUDGE VALDEZ |
| v. | : | |
| | : | **1:25-cv-06182** |
| SERVBANK SB (FORMERLY ALLIED FIRST BANK) | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
MODIFY EXPERT DISCOVERY SCHEDULE**

**INTRODUCTION**

Defendant Servbank asks the Court to postpone briefing on Plaintiff's Motion for Class Certification by over two months, moving its opposition from July 14 to September 18, 2026, on the theory that it needs more time for expert discovery. But the schedule the parties were already operating under anticipated Servbank's opposition (July 14) and Plaintiff's reply (July 28) would be completed ahead of Servbank's rebuttal expert reports (August 4) and rebuttal depositions (September 3). Class certification was always going to be fully briefed before Servbank served a single rebuttal report. The Court ordered that sequence in late April, and nothing has changed it.

What has changed is that Plaintiff's expert *narrowed* his analysis. The report Plaintiff served on March 17 applied a stated methodology to a nearly two-year period. The June 23 supplemental report applies the identical methodology to a two-month subset of that same period, reducing the universe from roughly 12 million calls and 1.2 million numbers to roughly 986,000 calls and 198,000 numbers. That is *less* to analyze, not more. Servbank deposed Mr. Woolfson on June 12, has had his report since March, engaged its own experts in early May,

1

received the subpoenaed underlying materials on July 7, and holds an open offer of a further limited deposition. Servbank identifies no "new" work that narrowing the data to a two-month window requires, much less work that could not be completed within the existing schedule.

No rule entitles a party to complete its own rebuttal expert discovery before opposing class certification, and Servbank cites none. A party opposes certification on the record it has, and there is no Rule 56(d) analog permitting a litigant to defer a Rule 23 opposition until it has run all the discovery it might want. Fact discovery is closed. What remains is the last portions of expert discovery, a decision on class certification, and trial. Servbank's motion asks the Court to convert a self-limiting narrowing of expert data into a months-long delay of a motion it has anticipated, and had fair notice that Plaintiff would file, for months. It should be denied.

## BACKGROUND

This is a putative class action arising from telemarketing calls, in which class membership is ascertained through the call detail record analysis of Plaintiff's expert, Aaron Woolfson. Fact discovery has closed.

On March 17, 2026, Mr. Woolfson served his initial expert report, which applied a stated methodology to calls placed between November 30, 2021 and October 27, 2023 and identified 12,007,697 calls to 1,216,748 unique telephone numbers. (ECF No. 58 ¶ 5.) In early May 2026, Servbank engaged a telecommunications expert and a statistical expert, who, by Servbank's own account, have been "analyzing" that universe ever since. (*Id.* ¶ 15.) Servbank deposed Mr. Woolfson on June 12, 2026, based on the March 17 report. (*Id.* ¶ 4.)

On June 23, 2026, Plaintiff filed his Motion for Class Certification (ECF No. 53) and served Mr. Woolfson's supplemental report. The supplemental report applies the same stated criteria, but to a narrower, two-month period, July 1 to August 31, 2022, and identifies 985,670

calls to 198,196 unique telephone numbers. (ECF No. 58 ¶ 5.) On June 27, 2026, Servbank served a supplemental subpoena to Mr. Woolfson with a return date of July 7, 2026, to which Mr. Woolfson has responded. (*Id.* ¶ 10.)

Under the existing schedule, Servbank's opposition to the Motion for Class Certification would ordinarily be due July 14, 2026 and Plaintiff's reply July 28, 2026. The Court has further ordered Servbank's rebuttal expert reports due August 4, 2026 and rebuttal depositions to be completed by September 3, 2026. In the parties' June 29 joint status report, Plaintiff opposed any extension, but offered a brief supplemental deposition of Mr. Woolfson to address the narrowing, and confirmed Mr. Woolfson would respond to the subpoena by July 7. (ECF No. 56 at 1-2.)

On June 30, 2026, the Court entered and continued Plaintiff's certification motion and directed Servbank to file a formal motion for extension before Magistrate Judge Valdez by July 7. (ECF No. 57.) Servbank filed the instant motion. (ECF No. 58.)

## LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The primary consideration for district courts in deciding whether to amend a scheduling order is the diligence of the party seeking amendment. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). A movant that has not been diligent cannot establish good cause, and the analysis focuses on the movant's conduct rather than on the absence of prejudice to its opponent.

## ARGUMENT

### I. The Existing Schedule Already Sequenced Certification Briefing Ahead of Servbank's Rebuttal Expert Discovery.

The premise of Servbank's motion, that it cannot fairly oppose certification until its rebuttal experts have finished their work, is irreconcilable with the schedule Servbank has been operating under. Under the *existing deadlines*, Servbank's opposition would have been due July 14 and Plaintiff's reply July 28, while Servbank's rebuttal reports were not due until August 4 and rebuttal depositions not until September 3. The parties' schedule thus always contemplated that certification would be fully briefed before Servbank served any rebuttal report.

Servbank now complains that this sequence is inefficient and risks requiring supplemental briefing. But that is a complaint about the schedule Servbank agreed to and had months to bring to the Court's attention, not a consequence of anything Plaintiff did. If Servbank believed certification could not be briefed until its rebuttal experts were finished, the time to say so was when the schedule was set by the Court in April, not after the motion was filed, using a narrowing supplemental report as an excuse. More fundamentally, Servbank provides no declaration from either rebuttal expert, no estimate of remaining hours, no identification of analyses impossible to complete by August 4, and no explanation why the July 7 production or a limited Woolfson deposition cannot be absorbed into the current schedule. A litigant does not show good cause to rewrite a schedule by objecting, months later, to a structure it acquiesced to.

### II. Servbank Cannot Show Good Cause Because the Supplemental Report Narrowed the Analysis and Servbank Already Possessed What It Needs.

Good cause under Rule 16(b)(4) turns on the movant's diligence, and Servbank's own supporting facts defeat it.

*First*, the supplemental report narrows, rather than expands, the scope of analysis to be conducted by Servbank's experts. It applies the identical stated methodology from the March 17 report to a two-month (as opposed to two-year) subset, July 1 to August 31, 2022, reducing the universe from 12,007,697 calls and 1,216,748 numbers to 985,670 calls and 198,196 numbers. (ECF No. 58 ¶ 5.) Servbank's assertion that a smaller universe "is not necessarily a simpler one" (*id.* ¶ 6) is unsupported *ipse dixit* that makes little practical sense and is unsupported by any declarations or other evidence from the persons actually analyzing the data, Defendant's experts.

Defendant does not analyze why specifically Mr. Woolfson's supplemental analysis, which on its face narrows the data to be analyzed, now entails a more complex analysis than the original analysis. One would think that, if this proposition, which runs contrary to logic and common sense, were true, Servbank would lead with some reasoning. But it provides none. Mr. Woolfson's underlying methodology is unchanged. Only the date range and the resulting record count are smaller. Re-running an unchanged methodology against a two-month subset of data the experts already were analyzing is at most a matter of a few tweaks, not a two-month undertaking.

*Second*, Servbank has had what it needs and the entirety of the data for months. It has had Mr. Woolfson's report since March 17. It deposed him on June 12. It engaged its telecommunications and statistical experts in early May, and those experts have been analyzing the data ever since. (*Id.* ¶ 15.) The materials underlying the supplemental report were served July 7, and Plaintiff has offered a further deposition of Mr. Woolfson to address the narrowing. Servbank thus already possesses everything required to test a narrowed application of a methodology it has studied for two months and retains the opportunity to depose Mr. Woolfson.

*Third*, Servbank's foreseeability framing is not diligence. Even if a narrowing could warrant some incremental effort or confusion as to the methodology employed to conduct it,

5

which Plaintiff's standing offer of a further Woolfson deposition already addresses, the gulf between what that effort could conceivably require and the two-month delay Servbank demands is itself proof that good cause is absent. Servbank seeks a remedy grossly disproportionate to the only thing that changed. Had Servbank sought a week or two to account for the July 7 production or in the alternative sought a slightly extended briefing schedule on the motion, that request would present a very different question. A demand to postpone briefing an anticipated motion by two months, to say nothing of the expert schedule, does not.

### III.   Neither Rule 23 Nor Servbank's Authorities Entitle It to Complete Rebuttal Expert Discovery Before Opposing Certification.

Servbank's motion rests on the premise that it is entitled to a completed rebuttal expert record, including its own reports served and its own experts deposed, before it can be required to oppose certification. No rule supplies that entitlement.

Servbank invokes the Seventh Circuit's rigorous analysis cases, but they address a different question. *Am. Honda Motor Co. v. Allen* requires a district court to conclusively resolve a challenge to a *plaintiff's* expert under a *Daubert* standard when that opinion is critical to certification before certifying a class. 600 F.3d 813, 815-16 (7th Cir. 2010); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 812 (7th Cir. 2012) (same); *see also Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) ("a judge should make whatever factual and legal inquiries are necessary under Rule 23. . . . Questions such as these require the exercise of judgment and the application of sound discretion."). Those cases govern the Court's scrutiny *of Mr. Woolfson* and his underlying methodology, which has not changed, and Servbank remains free to mount any challenge to his methodology in its opposition, which the Court will evaluate under *Daubert*, on the record it will have and has had for months.

Servbank may ultimately seek to submit rebuttal expert evidence and allow the jury to decide which expert to credit, a classic battle of the experts. But nothing in Rule 23 or *Arandell* gives Servbank an automatic right to postpone its opposition until every rebuttal report is served and every rebuttal expert is deposed, especially where the existing schedule already placed those events after class certification briefing and Servbank never objected to that sequence until after the class certification motion was filed.

*Arandell* requires a district court to engage with and resolve the competing expert evidence that is *material* to Rule 23 and *actually before it*. It does not hold that a party may defer briefing until it has developed a complete rebuttal expert record. *See Arandell Corp. v. Xcel Energy Inc.*, 149 F.4th 883, 893 (7th Cir. 2025). To the contrary, *Arandell* justifies denying Servbank's request. The court's task at certification is to decide whether a common question exists and predominates, "without weighing that evidence to determine whether the plaintiff class will ultimately prevail on the merits." *Id.* Whether Servbank's experts will ultimately out-persuade Mr. Woolfson before a jury is precisely the merits question *Arandell* reserves for trial. And to the extent Servbank contends that Mr. Woolfson's methodology is unreliable in some way material to Rule 23, that is a challenge it can and must raise in its opposition on methodology, expert deposition, and same analysis it has had for months.

That is especially so here, where Mr. Woolfson offered no contested predictive model, as in *Arandell*, but instead applied neutral, fully disclosed criteria to both the full and narrowed dataset. Those criteria, which included the minimum three second call duration, listing on the national DNC registry for more than thirty days, and two or more calls within a twelve-month period, were applied objectively to Servbank's own call records and reported with the resulting counts. Mr. Woolfson then ran the same analysis, but for the calls in the July 1 to August 31,

2022 window. Because that analysis is a reproducible summary of what Servbank's own data shows, verifiable by anyone who runs the same queries against the same records, it presents no genuine methodological dispute of the kind *Arandell* requires a court to resolve before certifying, and no occasion for the months of new rebuttal analysis Servbank now claims to need.

What the cases Defendant cites do not hold is that a defendant is entitled to serve its own rebuttal reports and complete its own rebuttal depositions as a precondition to briefing. Servbank cites no authority for that proposition. Nor is there any class certification analog to Rule 56(d). At summary judgment, a nonmovant that needs discovery to respond may seek deferral under Rule 56(d) on a specific, affidavit-supported showing. Even if Rule 56(d) applied here, a parallel motion would still fail because, as Plaintiff has observed, Servbank has failed to support its questionable proposition that Plaintiff's narrowing has somehow set expert discovery back by two months with an appropriate affidavit of any sort. But more to the point, Rule 23 contains no such mechanism, and Servbank invokes none. Servbank has not made anything resembling the specific, evidence-backed showing Rule 56(d) would require in the summary judgment context, and Rule 23 does not create an automatic entitlement to delay certification briefing until a defendant completes every desired rebuttal expert report.

A party opposes certification on the record before it. Servbank has had that record, including Mr. Woolfson's expert methodology, since March. That is precisely what the existing schedule contemplates, with Servbank's rebuttal reports (August 4) and depositions (September 3) falling *after* briefing closes because they are directed to trial, not to the certification decision the Court will make on the certification record on the basis of the admissibility of Plaintiff's expert report. Servbank's request to defer its opposition until it has completed that separate track is, in substance, a Rule 56(d) motion in a setting where Rule 56(d) does not exist.

### IV.  The "Newly Accessed Legacy Records" Do Not Supply Good Cause.

Servbank's fallback, that it recently obtained "legacy Allied First records" (i.e. emails from a former employee's email account) it "previously understood to be unavailable" (ECF No. 58 ¶ 11), does not help it. Those records were requested *by the Plaintiff* in discovery and Plaintiff intends to use such records at trial. That Servbank located these records and agreed to supplement its production with them, as the Rules require it to do, only after the close of fact discovery, is a matter of diligence in pursuing records that *Plaintiff* requested, and it counsels against an extension rather than for one. Servbank's employee emails were not third-party documents newly discovered from an outside source. A party's belated access to its own records after fact discovery has closed is not good cause to extend briefing on class certification, where the Court isn't even permitted to rule on the merits. Rule 16(b)(4) does not contain a clause rewarding a party for agreeing to supplement discovery. The Rules obligate Servbank to do so.

The records also don't go to class certification but instead to merits issues for trial. Specifically, the emails address "the relationship between Diamond Select and Allied First and whether Plaintiff's proposed call-detail-record universe is overbroad." Servbank does not argue or outline what data analysis its experts intend to conduct on its former employee's email inbox. These records can, and must, be addressed by a jury through the common proof that exists in this case. Assuming emails from an employee are relevant to an expert's analysis, a proposition that is questionable as an initial matter as the agency analysis is usually a fact question reserved for the trier of fact, the discovery of relevant additional materials bearing on an expert analysis is not good cause, which is Servbank's burden and standard. And to the extent the production bears on anything requiring expert analysis, Servbank represents it will be substantially complete by July

9

10 (*id.* ¶ 12), a timeline the existing schedule readily absorbs. A limited, self-initiated supplemental production does not justify delaying this case for months.

## V. The Requested Delay Would Prejudice Plaintiff and the Putative Class.

A two-month postponement of a fully anticipated certification motion prejudices Plaintiff and the putative class by deferring the relief certification would advance, in a case where fact discovery is closed and only certification and trial remain. The putative Class, and Plaintiff, are best served by a prompt decision on the certification issue, which will inform any potential resolution. Servbank's proposal shows the extension is sought for leverage and delay rather than necessity. A movant's preference to litigate on a slower clock is not good cause.

### CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Modify Expert Discovery Schedule (ECF No. 58) and enter the schedule Plaintiff proposed in the parties' joint status report (ECF No. 56). Plaintiff does not oppose a brief, limited supplemental deposition of Mr. Woolfson directed to the June 23 narrowing. But that narrow relief does not justify moving every later expert deadline or postponing class certification briefing for months. If the Court believes some accommodation is warranted, it should order only the limited deposition and, at most, a short extension measured in days, not months.

Date: July 8, 2026

> PLAINTIFF, individually and
> on behalf of others similarly situated,

> By: /s/ Andrew R. Perrong
> Andrew R. Perrong
> Perrong Law, LLC
> 1669 Edgewood Road, Suite 218
> Yardley, PA 19067
> [o] (215) 225-5529

10

[f] (888) 329-0305
a@perronglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, I caused the foregoing to be filed via the Court's

CM/ECF system, which will cause a copy to be served upon all counsel of record, in accordance

with Local Rule 5.3(a)(1) and FED. R. CIV. P. 5(b)(2)(E).


/s/ Andrew R. Perrong
Andrew R. Perrong