**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and others similarly situated, | ) | |
| | ) | Case No. 1:25-cv-06182 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | Magistrate Judge Maria Valdez |
| SERVBANK SB f/k/a ALLIED FIRST BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SERVBANK'S MOTION TO EXCLUDE OR, ALTERNATIVELY, TO LIMIT THE OPINIONS OF PLAINTIFF'S EXPERT AARON WOOLFSON**

Defendant Servbank SB f/k/a Allied First Bank ("Servbank") moves under Federal Rule of Evidence 702 to exclude or, alternatively, to limit the opinions of Plaintiff's expert, Aaron Woolfson, and asks the Court to resolve this motion before ruling on Plaintiff's Motion for Class Certification. In support, Servbank states as follows:

1. Plaintiff moved for class certification on June 23, 2026, relying on Woolfson's March 17, 2026 report and June 23, 2026 supplemental declaration as his class-wide proof that the numbers in his proposed class were registered on the National Do Not Call Registry. ECF Nos. 53, 54, 54-6, 54-7. On June 30, 2026, the Court entered and continued that motion. ECF No. 57. Expert discovery closed on October 2, 2026. ECF No. 61. In the parties' September 10, 2026 status report, Servbank advised that it would move under Rule 702 promptly after expert discovery closed and would ask that the Rule 702 issues be resolved before certification. ECF No. 62.

2. Woolfson's Registry classifications rest on a prohibited use of restricted federal data. Congress directed that the national do-not-call database be used only for compliance with the

TCPA, 47 U.S.C. § 227(c)(3)(K), and the FTC's rule makes it a violation for any person to use Registry data for any purpose other than compliance or call prevention, 16 C.F.R. § 310.4(b)(2). Woolfson certified to those limits before every download and then used retained copies of the Registry to generate class-certification evidence for this lawsuit. Because no one may lawfully use the data to test his classifications, including Servbank's expert, Plaintiff cannot show that they rest on sufficient facts or data or reflect a reliable application of a reliable method. Fed. R. Evid. 702(b), (d).

3. Woolfson's opinions also fail for independent reasons. His two-snapshot method never tests whether a number remained registered between the two dates it samples; his three-second duration filter rests on no demonstrated foundation and drives most of the output; and he concedes that he did not determine who placed the calls, who received them, or whether any number was residential.

4. Servbank therefore asks the Court to exclude Woolfson's opinions or, alternatively, to preclude him from offering (a) his Registry classifications, or the 198,196-number and 985,670-call figures derived from them, as evidence that any number or call satisfies the proposed class's Registry criterion; (b) testimony that the three-second threshold, or any recorded duration, establishes that a call was answered, conveyed audio, or was a solicitation; (c) testimony that the call records are Servbank's, reflect calls made on its behalf, or are complete or authentic carrier records; (d) testimony that his output identifies class members, persons, subscribers, registrants, or residential lines, or that his identification process has been performed or validated; and (e) legal conclusions of TCPA liability or satisfaction of Rule 23.

5. Because Woolfson's classifications are Plaintiff's class-wide proof of the Registry criterion, the Court "must conclusively rule on any challenge to the expert's qualifications or

submissions prior to ruling on a class certification motion." *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815-16 (7th Cir. 2010). No deadline has been set for Servbank's opposition to class certification. To avoid duplicative briefing, Servbank requests that its opposition be due 21 days after the Court rules on this motion, with Plaintiff's reply due 14 days thereafter. Servbank advised Plaintiff's counsel of this request; Plaintiff opposes it and has stated that he intends to request a Rule 16 conference.

6. The grounds for this motion are set forth in Servbank's accompanying Memorandum of Law and supporting exhibits, which are incorporated by reference. A proposed order is being submitted to the Court's proposed-order inbox in accordance with the Court's procedures.

**WHEREFORE**, Servbank respectfully requests that the Court (i) grant this motion and exclude, or alternatively limit, the opinions of Aaron Woolfson as set forth above; (ii) resolve this motion before ruling on Plaintiff's Motion for Class Certification; (iii) set Servbank's opposition to class certification due 21 days after the Court's ruling on this motion; and (iv) grant such further relief as the Court deems just.

Dated: October 26, 2026

Respectfully submitted,

By: /s/ Colleen O'Neil

Colleen O'Neil
**MILMAN LABUDA LAW GROUP PLLC**
3000 Marcus Avenue, Suite 3W8
Lake Success, New York, 11042
Tel: 516-328-8899
colleen@mllaborlaw.com
*Counsel for Defendant Servbank SB f/k/a Allied First Bank*

## CERTIFICATE OF SERVICE

I certify that on October 26, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Colleen O'Neil
Colleen O'Neil