# Exhibit O

## Meet-and-confer e-mails,

## Aug 18-21, 2026 (Perrong/O'Neil)

**Colleen O'Neil**

| | |
|---|---|
| **From:** | Andrew Perrong <a@perronglaw.com> |
| **Sent:** | Friday, August 21, 2026 4:07 PM |
| **To:** | Colleen O'Neil |
| **Cc:** | Anthony Paronich; Joseph Labuda |
| **Subject:** | Re: [#57759] Missing emails - MEET AND CONFER REQUEST |

Ms. O'Neil,

The hash values are at the end of the filename and are unique IDs that the FTC assigns to each DNC set of data on every day it is published. The FTC uses the same ID for each data set it publishes, regardless of who downloads it.

Moreover, the email you sent confirms our (and the NDNCR's) position that it is unlawful to share the DNC dataset, which proves our point that it would be inappropriate and impermissible to share the data with you. Of course, we disagree with the legal implications of such a finding, and will not litigate it by email.

Of course, if we have a judicial order holding that turning over the data is permissible, we will do so. But we will not do so in the absence of a judicial holding ordering us to (1) turn over the underlying FTC data and (2) holding that it is permissible under the cited regulations to do so.

On Fri, Aug 21, 2026 at 10:57 AM Colleen O'Neil <Colleen@mllaborlaw.com> wrote:

> Andrew and Anthony –
>
> Thank you for the call, your summary, and spreadsheet.
>
> As I understand your position: (1) Woolfson relied on historical National Do Not Call Registry files to generate the DNC classifications underlying his opinions; (2) those files were not produced, and you maintain that they cannot be produced; and (3) you contend that my expert can verify Woolfson's analysis by independently obtaining the identical historical files from the FTC and comparing their hash values.
>
> I disagree that your proposed verification method resolves the issue.
>
> As an initial matter, the spreadsheet that you forwarded does not appear to contain cryptographic hash values. If you contend that the one of the values in the spreadsheet is a cryptographic content hash

capable of establishing byte-for-byte identity, please identify the specific value or column. In any event, even an actual cryptographic hash would permit comparison only if my expert already possessed the corresponding source file. It would neither reconstruct the Registry file nor permit Woolfson's DNC classifications to be tested without access to the underlying data. A matching file hash also would not establish that Woolfson used the file correctly in generating his classifications.

Additionally, I am attaching an August 4 email response that we received from the FTC. The FTC was expressly advised that our expert sought historical Registry files solely to evaluate an opposing expert's opinions in private litigation, rather than to suppress future calls or operate a compliance program. In response, the FTC advised that it was unable to provide historical DNC lists because Registry information may not be used for any purpose except compliance or preventing calls to registered numbers. Thus, the FTC has not made available the lawful verification mechanism you proposed.

If it is your contention that the identical historical files are presently available to Servbank's expert from the FTC for use in this litigation, please identify the specific lawful mechanism through which they may be obtained and used. Otherwise, we understand that the parties' meet and confer concluded without resolution and that Plaintiff intends to rely on opinions derived from source files that Plaintiff will not produce and that Servbank cannot independently obtain and use.

Servbank reserves all rights concerning these issues.

Colleen

---

Colleen O'Neil - Partner

Milman Labuda Law Group PLLC

3000 Marcus Avenue, Suite 3W8

Lake Success, New York 11042

Telephone Direct: (516) 303-1395

Telephone Office: (516) 328-8899

Fax: (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.

---

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Friday, August 21, 2026 10:06 AM
**To:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>
**Subject:** Re: [#57759] Missing emails - MEET AND CONFER REQUEST

Colleen,

To reiterate our call just now, as your expert himself will be able to attest, access to and usage of do not call registry files is restricted by law to those with authorized access to the registry data. FTC regulations make it unlawful to share Registry data, 16 C.F.R. § 310.4(b)(2), and the FCC imposes a substantially identical restriction. 47 C.F.R. § 64.1200(c)(2)(i)(E). It is thus neither the Plaintiff's nor his expert's data to produce. The data is the property of the FTC and federal government and is restricted by law from disclosure. We are not at liberty to provide that data to the Defendant or its expert as doing so would be contrary to law. Quite frankly, as we also noted, we have never received such a request in any of our other litigation from a Defendant or their expert. The typical course is that, if Defendant feels there is a deficiency in the Plaintiff's analysis of the calling records, Defendant's retained expert will run their own analysis of the data against their copies of the Registry and draw any appropriate conclusions.

To the extent that Defendant or its expert desires to verify that the copies of the data that Mr Woolfson has and utilized for his analysis are accurate and complete copies of each day's Do Not Call list data issued by the Federal Trade Commission, we note Mr. Woolfson has produced a list of each dated Do Not Call Registry file used in his analysis together with the associated hash value. The hash value allows Defendant or its expert, one it obtains the data lawfully itself from the FTC, to verify the integrity of that data and that the files used were identical.

Your position that Mr. Woolfson is required to produce the FTC's underlying Registry files pursuant to Rule 26(a)(2)(B)(ii) is untenable. Mr. Woolfson has disclosed the facts or data considered by him in forming his opinions. Mr. Woolfson has identified the specific dated Registry files used in his analysis and supplied the cryptographic hash associated with each file, thereby permitting Defendant to obtain

the same files through lawful access to the Registry and confirm, byte-for-byte, that they are identical to those he used.

In sum, Rule 26 cannot be distorted into a requirement that Plaintiff or his expert redistribute restricted federal Registry data merely to save Defendant or its expert from obtaining lawful access to the identical data themselves. Mr. Woolfson has disclosed the data he considered, identified the precise files used, and supplied a means of independently verifying their integrity. There is therefore no violation of Rule 26 and no predicate for exclusion under Rule 37(c)(1).

On Fri, Aug 21, 2026 at 9:45 AM Andrew Perrong <a@perronglaw.com> wrote:

> Colleen,
>
> Are you available between now and 10:00? If so, I will be in the Teams and would appreciate the flexibility.
>
> On Tue, Aug 18, 2026 at 1:51 PM Andrew Perrong <a@perronglaw.com> wrote:
>
>> I can do 10:00 AM Friday. Please circulate an invite.
>>
>> On Tue, Aug 18, 2026 at 10:39 AM Colleen O'Neil <Colleen@mllaborlaw.com> wrote:
>>
>>> Ok. I am available anytime after 10:00 am on Friday. Let me know what time works from your end. Thanks
>>>
>>> ______________________________
>>>
>>> Colleen O'Neil - Partner
>>>
>>> Milman Labuda Law Group PLLC
>>>
>>> 3000 Marcus Avenue, Suite 3W8
>>>
>>> Lake Success, New York 11042
>>>
>>> Telephone Direct: (516) 303-1395
>>>
>>> Telephone Office: (516) 328-8899

Fax: (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.

---

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Tuesday, August 18, 2026 1:37 PM
**To:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>
**Subject:** Re: [#57759] Missing emails - MEET AND CONFER REQUEST

And, to be clear, we are not refusing to meet and confer, but our earliest availability to do so is this Friday.

On Tue, Aug 18, 2026 at 10:33 AM Andrew Perrong <a@perronglaw.com> wrote:

> That is correct. Mr. Woolfson cannot share the actual contents of the Do Not Call Registry as the applicable regulation prohibits him from doing so.
>
> On Tue, Aug 18, 2026 at 10:30 AM Colleen O'Neil <Colleen@mllaborlaw.com> wrote:
>
>> Andrew and Anthony –
>>
>> The issue in not the sent but undelivered emails – those have now been received. Woolfson testified that the produced database contains the DNC classifications generated through his internal tagging process, but does not contain the historical Registry source files used to generate those classifications.
>>
>> In your August 14 email, you stated that "the actual do not call registry files themselves cannot be shared" because of 16 CFR

---

Colleen O'Neil - Partner

Milman Labuda Law Group PLLC

3000 Marcus Avenue, Suite 3W8

Lake Success, New York 11042

Telephone Direct: (516) 303-1395

Telephone Office: (516) 328-8899

Fax: (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.

---

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Tuesday, August 18, 2026 1:20 PM
**To:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>
**Subject:** Re: [#57759] Missing emails - MEET AND CONFER REQUEST

Both myself and Anthony are travelling and in hearings today and tomorrow. What is there to meet and confer about? The issue was entirely on your end, and Mr. Woolfson has provided everything he has.

On Tue, Aug 18, 2026 at 10:07 AM Colleen O'Neil <Colleen@mllaborlaw.com> wrote:

> Anthony and Andrew –
>
> Please provide your availability for a telephonic meet and confer regarding your non-production of the Woolfson archive.

I am available this afternoon until 6:30 pm or tomorrow after 11:00 am.

Thank you

Colleen

---

Colleen O'Neil - Partner

Milman Labuda Law Group PLLC

3000 Marcus Avenue, Suite 3W8

Lake Success, New York 11042

Telephone Direct: (516) 303-1395

Telephone Office: (516) 328-8899

Fax: (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.

---

**From:** Colleen O'Neil
**Sent:** Friday, August 14, 2026 10:18 AM
**To:** Andrew Perrong <a@perronglaw.com>; Anthony Paronich <anthony@paronichlaw.com>
**Subject:** FW: [#57759] Missing emails

Anthony and Andrew –

Please see below. My IT vendor has found the missing emails. I am reviewing now and will let you know if there is any required follow-up.

Colleen

---

Colleen O'Neil - Partner

Milman Labuda Law Group PLLC

3000 Marcus Avenue, Suite 3W8

Lake Success, New York 11042

Telephone Direct: (516) 303-1395

Telephone Office: (516) 328-8899

Fax: (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.

---

**From:** M6iT Support Services <support@m6it.com>
**Sent:** Friday, August 14, 2026 9:43 AM
**To:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Subject:** Re: [#57759] Missing emails

Hello Colleen,

Thank you for reaching out.

We were able to locate and release emails from quarantine that were sent from a@perronglaw.com.

However, after reviewing both the Exchange message trace and our email security logs, we were unable to find

any messages from anthony@paronichlaw.com for the dates provided.

Could you please ask Anthony to resend the emails? Once they have been resent, we will be happy to investigate further and monitor their delivery.

Please let us know once the emails have been sent.

Regards,

--

M6iT Client Support Services

**Spam Quarantine Portal:** *https://cp.m6it.com/*

**Support Portal**: *https://support.m6it.com/support/home*

**Support number**: *646 833 8801 Ext 2,* ***Emergency after-hours:*** *emergency@m6it.com*

**Shipping Address**: M6iT Consulting | *330 West 38th Street, suite 209, NY, NY 10018*

**Download the remote session client here**: https://www.m6it.com/on-demand-support

All scheduled sessions are in **Eastern Standard Time (EST).** Please keep this in mind when booking an agent.

On Thu, 13 Aug at 6:23 PM , Colleen O'Neil <colleen@mllaborlaw.com> wrote:

Hello

Opposing counsel has told me that he sent data to me via email on both 8/4 and 8/12, but I am not finding either email in my inbox or spam. Are you able to run both an Exchange message trace and an AppRiver/SecureTide search for messages from a@perronglaw.com and anthony@paronichlaw.com on Aug. 4 and Aug. 12, including rejected, quarantined, attachment-stripped, and oversized messages?

Thanks

Colleen O'Neil - Partner

Milman Labuda Law Group PLLC

3000 Marcus Avenue, Suite 3W8

Lake Success, New York 11042

Telephone Direct: (516) 303-1395

Telephone Office: (516) 328-8899

Fax: (516) 328-0082

This information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message and the enclosed documents in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately. Thank you.