# Exhibit P

## FTC e-mail chain

**Colleen O'Neil**

| | |
|---|---|
| **From:** | Grossman, Bradley D. <bgrossman@ftc.gov> |
| **Sent:** | Thursday, August 27, 2026 11:41 AM |
| **To:** | Hope Devito |
| **Cc:** | Colleen O'Neil |
| **Subject:** | RE: Inquiry Regarding FTC-DNC Retention |
| **Attachments:** | 2026.08.27 FTC Response to DeVito Touhy Request.pdf |

Dear Ms. DeVito,

Attached please find a letter responding to your request dated August 13, 2026.

Regards,
Brad

Bradley Grossman
Federal Trade Commission
Office of the General Counsel
202-326-2994
bgrossman@ftc.gov

---

**From:** Hope Devito <hdevito@mllaborlaw.com>
**Sent:** Friday, August 14, 2026 11:27 AM
**To:** Grossman, Bradley D. <bgrossman@ftc.gov>
**Cc:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Subject:** Re: Inquiry Regarding FTC-DNC Retention

Hi Bradley,

Thanks so much for getting back to me. Much appreciated!

Hope

Hope DeVito – Associate
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
Telephone: (516) 328-8899

---

**From:** Grossman, Bradley D. <bgrossman@ftc.gov>
**Sent:** Friday, August 14, 2026 11:21 AM
**To:** Hope Devito <hdevito@mllaborlaw.com>

**Cc:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Subject:** RE: Inquiry Regarding FTC-DNC Retention

**Caution:** The sender of this message is external to your organization and not recognized. Use care when replying, selecting links, or opening attachments.

Dear Ms. DeVito,

The FTC's Office of the General Counsel has received your request for information pursuant to 16 C.F.R. § 4.11(e). We are reviewing your request and will let you know if we need additional information.

Thanks,
Brad Grossman

Bradley Grossman
Federal Trade Commission
Office of the General Counsel
202-326-2994
bgrossman@ftc.gov

---

**From:** Hope Devito <hdevito@mllaborlaw.com>
**Sent:** Thursday, August 13, 2026 12:07 PM
**To:** Hsue, Patricia <phsue@ftc.gov>
**Cc:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Subject:** Re: Inquiry Regarding FTC-DNC Retention

You don't often get email from hdevito@mllaborlaw.com. Learn why this is important

Hi Patricia,

Thank you again for investigating our questions and for your August 4 response.

We would like to submit the FTC's position to the court in the pending litigation in an authorized form. We understand that 16 C.F.R. § 4.11(e) applies to requests for voluntary written testimony, including declarations and other written statements. Accordingly, would you please forward this request to the FTC's Office of General Counsel, or let us know the appropriate person or address through which we should submit it formally?

We respectfully request either:

1. A brief official agency letter confirming and clarifying the FTC's response; or

2. Authorization from the General Counsel for you, or another appropriate FTC official, to execute a short declaration addressing the same subjects.

For purposes of 16 C.F.R. § 4.11(e)(3), we provide the following statement:

1. **Servbank's interest in the matter:** Our firm represents Defendant Servbank SB (formerly Allied First Bank) in *Bronstin v. Servbank SB*, No. 1:25-cv-06182, pending in the United States District Court for the Northern District of Illinois. Plaintiff is seeking certification of a putative class under the Telephone Consumer Protection Act. Plaintiff's expert identified purported class members by comparing call records against historical National Do Not Call Registry data obtained from a private archive.

1. **Relevance of the requested written statement:** The requested statement is relevant to whether Servbank and its expert can independently obtain and use the historical Registry data necessary to reproduce and test Plaintiff's expert analysis. The FTC's position bears on the reproducibility and testability of that analysis and on Servbank's ability to respond to it in expert discovery and class-certification proceedings.

1. **Availability from other sources:** The text of 16 C.F.R. §§ 310.4(b)(2) and 310.8(e) is publicly available. Those provisions, however, do not themselves establish the FTC's administrative practice regarding requests for historical Registry data for private litigation, whether the FTC recognizes any procedure or access category for that purpose, or the intended scope of the FTC's August 4 response. Private parties cannot provide an authoritative statement of the FTC's position. Although your August 4 email is informative, it is not presently an authorized agency letter or declaration suitable for submission to the court.

1. **General summary of the requested written testimony:** We respectfully ask that the letter or declaration confirm, to the extent accurate:

    - That the FTC received our July 22 inquiry concerning access to and use of historical National Do Not Call Registry data for purposes of evaluating an opposing expert's analysis in private litigation;

    - That, after consultation with appropriate personnel, the FTC advised us on August 4 that it could not provide historical Registry lists because 16 C.F.R. § 310.4(b)(2) restricts the purposes for which Registry information may be used;

    - That the FTC does not make historical Registry files available to private litigants or retained experts solely for purposes of conducting analysis in private litigation;

    - Whether the FTC's August 4 response was also intended to address a litigant's or expert's receipt and use, through civil discovery, of historical Registry files obtained by another subscriber or maintained in a private archive, solely to reproduce or test an opposing expert's analysis; and

    - Whether the FTC provides any access classification, certification, permission, or other procedure through which a private litigant or retained expert may obtain or use historical Registry information for that purpose.

If the FTC's position differs depending on whether the data would be obtained directly from the FTC or produced by another party in discovery, we would appreciate clarification of that distinction.

5. **Whether Commission records could be used instead:** We are not aware of an existing Commission record that fully addresses these questions. The public regulations do not explain the FTC's current administrative practice or resolve the distinction identified above. If the Commission has an existing authorized letter, guidance document, or other record that provides the requested confirmation, we would gladly accept that record in place of a new declaration or letter.

Because Servbank's current rebuttal-expert deadline is August 28, 2026, we would appreciate a response by August 21, if reasonably practicable. We recognize the FTC's resource constraints and have deliberately limited the request to a short written statement requiring no oral testimony, appearance, production of Registry data, or disclosure of nonpublic information.

Please let us know if the Office of General Counsel requires this request in a different format or through a different submission channel. I would also be happy to provide a proposed short-form declaration for the agency's review.

Thank you again for your assistance.

Sincerely,
Hope DeVito

Hope DeVito – Associate
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
Telephone: (516) 328-8899

---

**From:** Hsue, Patricia <phsue@ftc.gov>
**Sent:** Tuesday, August 4, 2026 2:47 PM
**To:** Hope Devito <hdevito@mllaborlaw.com>
**Cc:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Subject:** RE: Inquiry Regarding FTC-DNC Retention

Hi Hope,

Apologies for the delay in responding but I've been checking with our internal folks on your questions below and we are unable to provide historic DNC lists since the TSR makes it clear under Part 310.4(b)(2) that the DNC may not be used "for any purpose except compliance with the provisions of this part or otherwise to prevent telephone calls to telephone numbers on such lists."

Sorry we can't be of more help.

Thanks,
Patty

**From:** Hope Devito <hdevito@mllaborlaw.com>
**Sent:** Monday, July 27, 2026 1:51 PM
**To:** Hsue, Patricia <phsue@ftc.gov>
**Cc:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Subject:** Re: Inquiry Regarding FTC-DNC Retention

You don't often get email from hdevito@mllaborlaw.com. Learn why this is important

Hi,

I am just following up on the email sent below. Thank you!

Sincerely,
Hope DeVito

Hope DeVito – Associate

Milman Labuda Law Group PLLC

3000 Marcus Avenue, Suite 3W8

Lake Success, New York 11042

Telephone: (516) 328-8899

---

**From:** Hope Devito
**Sent:** Wednesday, July 22, 2026 2:04 PM
**To:** phsue@ftc.gov <phsue@ftc.gov>
**Cc:** Colleen O'Neil <Colleen@mllaborlaw.com>
**Subject:** Inquiry Regarding FTC-DNC Retention

Hello,

This firm represents Servbank, N.A. in a federal TCPA class action that is currently pending in the Northern District of Illinois. Presently, we are engaged in expert discovery.

By way of a brief background, Plaintiff's expert submitted a report classifying putative members of the TCPA class using historical FTC Registry snapshots maintained in his organization's private archive. Our expert is seeking to independently verify those classifications. Our purpose is to analyze expert testimony in pending private litigation, not to suppress future calls or operate a telemarketing

compliance program. We are inquiring as to whether there is any lawful means by which our expert can independently obtain and use the authoritative historical data for this purpose.

Further we have the following questions-

1. Does the FTC retain and make available authenticated full-list or change-list Registry files reflecting the Registry as it existed on specified dates in July and August 2022?
2. If so, may a private litigant or retained expert obtain those historical files solely to evaluate an opposing expert's litigation opinions?
3. Is there any Registry organization classification under which such an expert could obtain the files and truthfully make the certification required by 16 C.F.R. Sect. 310.8(e)?
4. Does 16 C.F.R. Sect. 310.4 (b)(2) permit an expert to receive and use historical Registry files produced by another Registry account holder solely for expert analysis in private litigation?
5. If neither independent access nor receipt from another account holder is authorized, is there any procedure through which the FTC can grant limited access or otherwise permit independent verification?

Sincerely,
Hope DeVito

Hope DeVito – Associate

Milman Labuda Law Group PLLC

3000 Marcus Avenue, Suite 3W8

Lake Success, New York 11042

Telephone: (516) 328-8899