# Exhibit Q

## FTC General Counsel letter, Aug. 27, 2026

United States of America
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Office of the General Counsel

August 27, 2026

**By email**

Hope DeVito
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
hdevito@mllaborlaw.com

Re: Rule 4.11(e)(3) Request for Written Testimony in *Bronstin v. Servbank SB*, No. 1:25-cv-06182 (N.D. Ill.)

Dear Ms. DeVito:

This letter responds to your email of August 13, 2026, in which you provided a statement pursuant to 16 C.F.R. § 4.11(e)(3) in support of a request for written testimony from the Federal Trade Commission. You explain that your law firm represents a defendant in class-action litigation, and that you would like the FTC to execute a declaration or "official agency letter" containing an "authoritative statement of the FTC's position" regarding several topics, including "the FTC's administrative practice regarding requests for historical [Do Not Call] Registry data for private litigation." The purpose of this declaration or letter would be to rebut the credibility of an expert report that purports to rely on Do Not Call Registry data. For the reasons below, I must decline your request.

## BACKGROUND

### *A. Regulatory Background*

Relevant laws and regulations forbid the FTC from producing data from the National Do Not Call Registry ("Registry") to private parties for use in class-action litigation. The Telemarketing Sales Rule ("TSR") prohibits the use of Registry data "for any purpose except compliance with the provisions of this part or otherwise to prevent telephone calls to telephone numbers on such lists." 16 C.F.R. § 310.4(b)(2). Likewise, the TSR limits access to the Registry to "telemarketers, sellers, others engaged in or causing others to engage in telephone calls to consumers, service providers acting on behalf of such persons, and any government agency that has law enforcement authority." 16 C.F.R. § 310.8(e). Private civil litigants are not among the classes of people authorized to access the Registry.

The Privacy Act of 1974 also requires the Commission to place tight limits on access to the Registry. The statute provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency,

except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains," unless one of certain excepted conditions for disclosure applies. 5 U.S.C. § 552a(b).[1] The FTC maintains Registry data in a system of records entitled "National Do Not Call Registry System–FTC" and designated "FTC-IV-3."[2] These records contain the phone numbers and other personal identifying information of individuals who notified the Commission that they do not wish to receive telemarketing calls. SORN for FTC-IV-3 at 2. The purpose of this system of records is to enable telemarketers to verify that their call lists comply with the FTC's do-not-call regulations; to enable law enforcement officials to determine whether a company is complying with the regulations; to provide statistical data for government law enforcement investigations or litigation; or for other law enforcement, regulatory, or informational purposes. *Id*. at 1-2.

Registrants have consented to these limited uses of their personal identifying information. But they have not consented to the release of their personal information for purposes of a private class-action lawsuit. None of the routine uses applicable to FTC-IV-3 or to all of the FTC's Privacy Act systems of records permit disclosures for purposes of a private class-action lawsuit, absent an order from a court of competent jurisdiction.[3] Similarly, none of the statutory exceptions to non-disclosure applies (again, absent an order from a court of competent jurisdiction). *See* 5 U.S.C. § 552a(b)(1)-(13). Accordingly, the FTC is barred both by regulation and by statute from disclosing Registry data to private litigants for use in class-action litigation.

***B. Your Disclosure Requests***

On July 22, 2026, you emailed FTC attorney Patricia Hsue explaining that your law firm represents defendant Servbank SB in a federal class action suit under the Telephone Consumer Protection Act. You explained that plaintiffs' counsel submitted an expert report classifying putative class members "using historical FTC Registry snapshots maintained in his organization's private archive." You further explained that your client's own expert is seeking to verify those calculations. You asked Ms. Hsue several questions, including "whether there is any lawful means by which our expert can independently obtain and use the authoritative historical data for this purpose." Ms. Hsue responded to your message on August 4, 2026, explaining that she conferred with her colleagues, who informed her that FTC regulations prohibit the Commission from disclosing historical Registry lists to private litigants.

---

[1] *See* 5 U.S.C. § 552a(a)(5) (disclosure prohibition applies to "any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual").

[2] *See* FTC, System of Records Notice for National Do Not Call Registry System–FTC (FTC-IV-3), https://www.ftc.gov/system/files/attachments/privacy-act-systems/iv-3-2020.pdf [hereinafter SORN for FTC-IV-3].

[3] See SORN for FTC-IV-3, at 3-4; FTC, Appendix I: Authorized Disclosures and Routine Uses Applicable to All FTC Privacy Act Systems of Records, https://www.ftc.gov/system/files/attachments/privacy-act-systems/appendix_1_5-16-19.pdf.

In an email dated August 13, 2026, you requested that the FTC's General Counsel authorize either (1) a "brief official agency letter" or (2) a declaration from an FTC staff member addressing the following subjects:

1. "That the FTC received our July 22 inquiry concerning access to and use of historical National Do Not Call Registry data for purposes of evaluating an opposing expert's analysis in private litigation."

2. "That, after consultation with appropriate personnel, the FTC advised us on August 4 that it could not provide historical Registry lists because 16 C.F.R. § 310.4(b)(2) restricts the purposes for which Registry information may be used."

3. "That the FTC does not make historical Registry files available to private litigants or retained experts solely for purposes of conducting analysis in private litigation."

4. "Whether the FTC's August 4 response was also intended to address a litigant's or expert's receipt and use, through civil discovery, of historical Registry files obtained by another subscriber or maintained in a private archive, solely to reproduce or test an opposing expert's analysis."

5. "Whether the FTC provides any access classification, certification, permission, or other procedure through which a private litigant or retained expert may obtain or use historical Registry information for that purpose."

6. "If the FTC's position differs depending on whether the data would be obtained directly from the FTC or produced by another party in discovery, we would appreciate clarification of that distinction."

In support of these requests, you explain that the requested FTC declaration or letter will "bear[] upon the reproducibility and testability" of plaintiff's expert analysis of historical Registry data. You state that while the relevant laws and regulations are publicly available, they "do not themselves establish the FTC's administrative practice regarding requests for historical Registry data for private litigation, whether the FTC recognizes any procedure or access category for that purpose, or the intended scope of the FTC's August 4 response." You thus seek an "authoritative statement of the FTC's position" for use in private litigation.

Finally, your email makes clear that you request "no oral testimony, appearance, production of Registry data, or disclosure of nonpublic information" from the FTC.

## DISCUSSION

Rule 4.11(e) of the FTC's Rules of Practice, 16 C.F.R. § 4.11(e), governs requests for testimony or material directed to the Commission through compulsory process or otherwise in matters to which the Commission is not a party. That rule provides in pertinent part:

> A party who causes compulsory process to be issued to, or who requests testimony by, the Commission or any employee or former employee of the Commission shall furnish a statement to the General Counsel …. The statement shall set forth the party's interest in the case or matter, the relevance of the desired testimony or material, and a discussion of whether it is reasonably available from other sources. If testimony is desired, the statement shall also contain a general summary of the testimony and a discussion of whether Commission records could be produced and used in its place.

16 C.F.R. § 4.11(e)(3).

Upon receipt of such a statement, the rule requires the General Counsel, or his designee,[4] to "consider and act upon" such requests "with due regard for statutory restrictions, the Commission's rules and the public interest," and

> taking into account such factors as the need to conserve the time of employees for conducting official business; the need to avoid spending the time and money of the United States for private purposes; the need to maintain impartiality between private litigants in cases where a substantial government interest is not involved; and the established legal standards for determining whether justification exists for the disclosure of confidential information and material.

*Id*. § 4.11(e)(5).

After considering your Rule 4.11(e) statement, and taking into account the factors laid out above, I have determined that there is no basis to permit the requested testimony.

You seek a declaration or official FTC letter providing an "authoritative statement" of the Commission's "administrative practice" for purposes of responding to an adversary's expert report. Your letter confirms that you seek the information in service of private litigation. And you do not identify any government interest in that private litigation. In light of this, the Rule 4.11(e)(5) factors counsel strongly against FTC involvement.

In particular, compliance with your request would require a considerable amount of employee time and would divert agency resources from the Commission's regulatory responsibilities. The burden to the Commission would be compounded, moreover, because compliance with a request like yours would inevitably lead to more such requests by private parties for purposes of their litigation. In addition, your request would require the FTC to spend

[4] I am the General Counsel's designee for purposes of evaluating your request for testimony.

its limited public resources in a purely private lawsuit to which the FTC is a nonparty and in which the agency has no discernible public interest. Doing so would be at odds with the Commission's need to maintain impartiality between private litigants in cases where a substantial government interest is not involved. It is precisely this type of entanglement and redirection of public resources to private ends that the § 4.11(e)(5) factors seek to prevent. By contrast, none of the factors support the FTC's involvement in this matter.

* * *

For these reasons, I am declining your request pursuant to 16 C.F.R. § 4.11(e), except to the extent it was incidentally fulfilled by the background information provided in this letter. If you have any questions about this letter, please contact Bradley Grossman at (202) 326-2994 or bgrossman@ftc.gov.

Sincerely,

*s/ Alex Potapov*

Alex Potapov
Acting Principal Deputy General Counsel