# Exhibit CC

**Woolfson Dep.,**

***Anthony v. Fed. Sav. Bank,***

**No. 21 C 2509, ECF No. 258-3**

**(N.D. Ill. Oct. 12, 2026)**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL ANTHONY, Individually )
and on behalf of all others )
similarly situated, )
)
Plaintiff, )
)
v. ) 1:21-CV-02599
)
THE FEDERAL SAVINGS BANK, an )
Illinois Federal Savings )
Association, and NATIONAL BANCORP )
HOLDINGS, INC., a Delaware )
corporation, and FDE MARKETING )
GROUP, LLC, a Florida limited )
liability company, )
)
Defendants. )

The confidential videotaped discovery deposition of AARON WOOLFSON, taken in the above-entitled cause, before Deborah A. Thompson, a Certified Shorthand Reporter in the State of Illinois, taken pursuant to the Federal Rules of Civil Procedure of the United States District Courts via Zoom on the 4th day of May, 2026, at 11:00 o'clock a.m.

APPEARANCES:

ZIMMERMAN LAW OFFICES, P.C., by
MR. JEFFREY DANIEL BLAKE
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
312.767.6463
jeff@attorneyzim.com

-and-

JAVITCH LAW OFFICE, by
MR. MARK L. JAVITCH
3 East Third Avenue, Suite 200
San Mateo, California 94401
650.781.8000
mark@javitchlawoffice.com

on behalf of the Plaintiff;

MITCHELL SANDLER, LLC, by
MR. ARI KAREN
MS. V. AMANDA WITTS
2020 K Street Northwest, Suite 760
Washington, D.C. 20006
202.886.5260
akaren@mitchellsandler.com
v.awitts@mitchellsandler.com

on behalf of the Defendants The Federal Savings Bank, an Illinois Federal Savings Association, and National Bancorp Holdings, Inc., a Delaware corporation.

REPORTED BY: DEBORAH A. THOMPSON, CSR, RPR
LICENSE NO.: 084-003487

I'm paying for them to aggregate. When I found out I was supposed to have or should pay other people such as iconectiv, then I went and entered into those agreements. This was not to circumvent anything.

Q But my question is simply you still considered that -- even though it required you to enter into certain agreements to pay for things, that there were certain restricted uses, you still consider that publicly available?

MR. BLAKE: Object to the form.

THE WITNESS: The data parts that I am using are publicly available. It's just what it is. And as soon as I found out that there were supposed to be other ancillary agreements entered into that I needed to -- in addition to what I had been paying Tel-Lingua, then I entered into those agreements.

MR. KAREN: Let me ask you, sir -- mark this one 17.

(Exhibit 17 marked.)

BY MR. KAREN:

Q Have you seen this letter before?

A I have.

Q In this letter am I wrong that iconectiv, the administrator chosen by the FCC, tells you to

"immediately cease and desist using WDNC data for any purpose, including post-call analysis and/or litigation purposes."

A Yes.

Q Does it say that?

A Yeah.

MR. BLAKE: Where does it say that? I want to see it.

MR. KAREN: Last page.

MR. BLAKE: One second.

Okay. Thank you.

BY MR. KAREN:

Q "Immediately cease providing WDNC data to third parties and providing analysis to third-party data using WDNC data." It says that; right?

A Right.

Q Let me ask you something. If the information was publicly available, how could iconectiv make that demand?

MR. BLAKE: Object to form. Object to foundation.

THE WITNESS: That is a very good question. And, you know, it's interesting to me because I wasn't aware of any authority that iconectiv has to

A If -- I'm going to make an analogy. If the local fire department is contracted out because it's a fire department and the chaplain of the fire department decides that my house isn't within the city boundaries and they're not going to do it but I know that it is, can the chaplain of the fire department make a single-handed decision not to provide fire services to my house? No. There's a false equivalency that you're asking me to make here.
Q Sir, I'm asking you is it your position that you're going to keep doing this until the FCC directly -- or a court directly stops you?
A So we have stopped using the iconectiv data.
Q For any purpose?
A For any purpose. However, that is not an admission that we agree with this. It's just simply because we have our own administrative procedures that I'm not at liberty to discuss today because they're outside the scope of this engagement.
Related to that -- and much of that has to do with what the FCC is doing right now with notice of proposed rule makings and other things related to the Local Number Portability Administrator docket.

I, Deborah A. Thompson, a Certified Shorthand Reporter within and for the State of Illinois, do hereby certify:

That previous to the commencement of the examination of the witness, the witness was duly sworn to testify the whole truth concerning the matters herein;

That the foregoing deposition was reported stenographically by me, was thereafter reduced to a printed transcript by me, and constitutes a true record of the testimony given and the proceedings had;

That the said deposition was taken before me at the time and place specified;

That the reading and signing by the witness of the deposition transcript was agreed upon as stated herein;

That I am not a relative or employee or attorney or counsel, nor a relative or employee of such attorney or counsel for any of the parties hereto, nor interested directly or indirectly in the outcome of this action.

IN WITNESS WHEREOF, I do hereunto set my hand at Chicago, Illinois, this 5th day of May, 2026.




Certified Shorthand Reporter
State of Illinois
CSR License No. 084-003487