**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ASHER BRONSTIN, on behalf of himself and others similarly situated, | : | CIVIL ACTION FILE NO. |
| Plaintiff, | : | JUDGE COLEMAN<br>MAGISTRATE JUDGE VALDEZ |
| v. | : | **1:25-cv-06182** |
| SERVBANK SB (FORMERLY ALLIED FIRST BANK) | : | |
| Defendant. | : | |

**PLAINTIFF'S NOTICE OF PRESENTMENT OF AND UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OR LIMIT EXPERT OPINIONS**

**NOTICE OF PRESENTMENT**

PLEASE TAKE NOTICE that on Wednesday, November 25, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard, Plaintiff Asher Bronstin will present Plaintiff's Unopposed Motion for Leave to Exceed Page Limit for His Opposition to Defendant's Motion to Exclude or Limit the Opinions of Aaron Woolfson before the Honorable Sharon Johnson Coleman, United States District Judge, in Courtroom 1241 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604.

**UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMIT**

Plaintiff Asher Bronstin respectfully moves, without opposition, under Local Rule 7.1 for leave to file an opposition to Defendant Servbank SB's *Motion to Exclude or, Alternatively, to Limit the Opinions of Plaintiff's Expert Aaron Woolfson* (ECF No. 65) of up to twenty-five (25) pages, ten (10) pages more than the fifteen pages Local Rule 7.1 allows. In support, Plaintiff states as follows:

1. Servbank has moved to exclude, or alternatively to limit, the opinions of Plaintiff's expert Aaron Woolfson. ECF No. 65; *see also* ECF No. 67. The Court has ordered Plaintiff to respond by December 2, 2026, and Servbank to reply by December 16, 2026. (ECF No. 69).

2. Local Rule 7.1 limits a brief in opposition to a motion to fifteen pages absent prior approval of the Court, and this Court strictly enforces that limit, granting leave to exceed it only when warranted. Plaintiff has worked to keep the opposition as concise as possible. Additional pages are warranted here for two reasons.

3. *First*, Servbank's motion raises several distinct and complex issues, each of which requires separate treatment. Servbank argues that Woolfson's opinions should be excluded because, in its view, his use of National Do Not Call Registry data was barred by the use restrictions of 47 U.S.C. § 227(c)(3)(K) and 16 C.F.R. § 310.4(b)(2), a question of statutory and regulatory interpretation that requires Plaintiff to address the text of both provisions and to distinguish authorities Servbank draws from outside the Rule 702 context. Servbank separately argues that Woolfson's classifications cannot be tested, that his analysis is unreliable, and, in the alternative, that his opinions should be limited as to attribution, legal conclusions, and the identification of class members. Servbank supports these arguments with its own rebuttal expert's report, testimony from two depositions of Woolfson, correspondence between counsel, and a letter from the Federal Trade Commission's Office of General Counsel. Plaintiff cannot respond to each of these arguments and the record behind them within the fifteen pages currently allotted.

4. *Second*, the opposition necessarily contains extensive quotations. Servbank's central argument turns on the precise language of the statute and regulations, witness testimony, and on what the FTC's letter and the parties' correspondence state. Plaintiff's response therefore quotes the deposition testimony of Woolfson and of Servbank's rebuttal expert, Jan Kostyun, the

statutory and regulatory text, the FTC's letter, and decisions applying Rule 702 to similar call analyses, including *Anthony v. Federal Savings Bank*, in which Judge Hunt admitted Woolfson's analysis in the face of a similar challenge. Quoting this material directly will allow the Court to evaluate the parties' competing characterizations of the record for itself, but it requires more space than the default limit allows.

5. Plaintiff therefore requests leave to file an opposition of no more than twenty-five (25) pages, exclusive of the caption, the table of contents and table of cases required by Local Rule 7.1, the signature block, and the certificate of service. The opposition will include the tables Local Rule 7.1 requires for briefs exceeding fifteen (15) pages.

6. Plaintiff's counsel conferred with counsel for Servbank regarding the relief requested in this motion. Servbank does not oppose it.

7. Granting this motion will not alter the briefing schedule the Court has set. This motion is made in good faith and not for purposes of delay, and no party will be prejudiced by the relief requested.

WHEREFORE, Plaintiff respectfully requests that the Court grant this unopposed motion and enter an order granting Plaintiff leave to file an opposition to Servbank's *Motion to Exclude or, Alternatively, to Limit the Opinions of Plaintiff's Expert Aaron Woolfson* (ECF No. 65) of no more than twenty-five (25) pages, exclusive of the caption, tables, signature block, and certificate of service, and grant such further relief as is just.

Date: November 20, 2026

PLAINTIFF, individually and
on behalf of others similarly situated,

By: /s/ Andrew R. Perrong
Andrew R. Perrong
Perrong Law, LLC

1669 Edgewood Road, Suite 218
Yardley, PA 19067
[o] (215) 225-5529
[f] (888) 329-0305
a@perronglaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2026, I caused the foregoing to be filed via the Court's CM/ECF system, which will cause a copy to be served upon all counsel of record.

/s/ Andrew R. Perrong
Andrew R. Perrong